**Marshall Kenneth SCHRETER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 248–67.**

United States District Court
D. New Jersey.

March 22, 1967.

Marshall K. Schreter, pro se.

### OPINION

WORTENDYKE, District Judge:

Petitioner, Marshall Kenneth Schreter, seeks credit towards the service of his sentence for time spent in custody prior to the imposition of sentence. Petitioner relies upon Stapf v. United States, 367 F.2d 326 (D.C.Cir. 1966).

Petitioner alleges that his bail was set at $25,000 by a United States Commissioner,[1] and that he was in custody, prior to the imposition of sentence, from September 23, 1965 until February 10, 1966, on which latter date sentence was imposed by Judge Thomas F. Meaney of this Court.

Petitioner was convicted of violations of 18 U.S.C. § 2113(b) and 18 U.S.C. § 2113(d) under two indictments. Indictment #449–65, in Count 1, charged petitioner with violation of 18 U.S.C. § 2113

---

1. Petitioner's application for reduction of bail, in regard to Indictment #449–65 only, was denied on December 2, 1965.

(b). Indictment #16–66,[2] in Counts 1 and 2 respectively, charged petitioner with violation of 18 U.S.C. § 2113(d).

On February 10, 1966, petitioner was committed for study, pursuant to 18 U.S.C. § 4208(b).

On May 6, 1966, under Indictment #449–65, petitioner was sentenced to ten years on Count 1 [18 U.S.C. § 2113(b)] with eligibility for parole pursuant to 18 U.S.C. § 4208(a) (2).[3] Under Indictment #16–66, petitioner was sentenced to ten years each on Counts 1 and 2 respectively [18 U.S.C. § 2113(d)] with eligibility for parole pursuant to 18 U.S.C. § 4208(a) (2); sentences under Indictment #16–66 to run concurrently, and concurrently with the sentence imposed under Indictment #449–65. Petitioner thus received aggregate concurrent sentences of ten years.

■ Since the offenses with which petitioner had been charged were *not* ones for which the applicable statutes prescribed *a minimum mandatory sentence,* the proviso of 18 U.S.C. § 3568, allowing credit towards service of sentence for days spent in custody prior to the imposition of sentence, has no application here. Dunn v. United States, 38 F. R.D. 182, 183 (W.D.S.C.1965). Since petitioner was not sentenced on or after September 20, 1966, the provisions of 18 U.S.C. § 3568, as recently amended, are equally not applicable to this case. The first paragraph of section 3568 of Title 18, United States Code, was amended, effective September 20, 1966, by Public Law 89–465, § 4 (80 Stat. 217) as part of the Bail Reform Act of 1966. However, Section 6 of Public Law 89–465 states: " * * * *Provided,* That the pro-

visions of section 4 shall be applicable only to sentences imposed on or after the effective date." [4] Thus, Congress has not provided for the retroactive application of this section.

Stapf v. United States, supra, did not involve a minimum mandatory sentence and hence 18 U.S.C. § 3568 was not applicable.[5] The defendants in *Stapf* were all sentenced before September 20, 1966; therefore, Public Law 89–465, § 4 (80 Stat. 217) was not applicable.[6] However, the District of Columbia Circuit Court, at page 330, held that " * * * it was and is the duty of the sentencing court to provide credit for presentence custody for want of bail to all defendants not granted credit administratively by virtue of the provisions of § 3568." Without expressing an opinion on this view, I shall adhere to the holding of the Third Circuit Court of Appeals in Amato v. United States, 374 F.2d 36 (February 10, 1967).

■ Petitioner has not applied for a reduction of bail in regard to Indictment #16–66. This indictment was filed in the United States District Court for the Southern District of New York on December 6, 1965 and subsequently transferred to this District. As to the sentence imposed pursuant to the conviction based on this indictment, petitioner is not entitled to credit for presentence custody in absence of a showing that he had ever applied for a reduction of bail. Dunn v. United States, supra.

Wherefore, it is, on this 22nd day of March, 1967, ordered that the petition of Marshall Kenneth Schreter, filed in this Court on March 7, 1967, be and it is hereby denied.

2. This indictment was transferred to this District from the Southern District of New York on January 14, 1966.

3. Counts 2 and 3 of Indictment #449–65 were dismissed.

4. Section 6 also set out as a note under 18 U.S.C. § 3146.

5. 367 F.2d at 328.

6. Id., at 329.