**William DUNN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10249.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 9, 1967.

Decided Feb. 24, 1967.

As Modified July 27, 1967.

---

Robert C. Wood, III, Richmond, Va., Court-assigned counsel (Mays, Valentine, Davenport & Moore, Richmond, Va., on brief), for appellant.

Albert Q. Taylor, Jr., Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

SOBELOFF, Circuit Judge.

Financially unable to furnish the required $10,000.00 bond, appellant William Dunn spent 56 days in jail awaiting trial on an indictment charging him with violating the Dyer Act, 18 U.S.C. § 2312 (1964). Upon his conviction, the District Judge imposed the maximum sentence of five years and denied him credit for the time theretofore spent in jail. After an unsuccessful appeal to this court from his conviction,[1] Dunn moved under Rule 35, Fed.R.Crim.P., for a credit of the 56 days against his sentence. The District Court denied the motion on the ground that since conviction for violating the Dyer Act does not require the imposition of a minimum mandatory sentence, credit for presentence custody is warranted only where the defendant was denied his constitutional right to bail. As Dunn never applied for a reduction in bond, the District Court reasoned that the defendant's right to bail had not been infringed and he was entitled to no relief.

In its ruling the District Court relied on 18 U.S.C. § 3568 (1964), which provides in pertinent part that

> The Attorney General shall give any such person [the defendant being sentenced] credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for

1. 343 F.2d 172 (4th Cir. 1965).

want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence.[2]

While it is true that, literally, this section does not affirmatively require that credit be given for presentence custody to defendants not convicted of crimes carrying minimum mandatory sentences, a recent decision by the District of Columbia Circuit convincingly demonstrates that affording such credit is not only consistent with the congressional design but is also required by the Fifth Amendment. In Stapf v. United States, 367 F.2d 326 (D.C.Cir.1966), the court held that granting or denying credit on the basis of whether the offense is one for which a minimum mandatory sentence is imposed is an irrational, and hence unconstitutional, distinction.

The court noted that prior to the enactment of section 3568 it was the uniform practice in imposing sentence to give credit for time spent in presentence custody in all cases except those involving violation of statutes expressly requiring the imposition of a minimum sentence. The exception arose, according to the *Stapf* case, because sentencing judges felt that this was necessary in order not to conflict with the statutory mandatory minima. The court construed section 3568 as designed to extend credit to the theretofore excluded class, and not

to withdraw it from other defendants to whom it had customarily been given.

The court further declared that it could hypothesize no logical reason to suppose that Congress meant to grant credit to defendants convicted of crimes deemed sufficiently serious to warrant limiting the discretion of the sentencing judge by requiring the imposition of a minimum mandatory sentence, yet to deny credit to those convicted of less serious crimes which do not carry a minimum term.[3] Concluding, therefore, that crediting a defendant with presentence custody was both in furtherance of the congressional purpose and dictated by the Fifth Amendment, the court, speaking through Judge Leventhal, said,

> Denial of credit in the context of a jurisprudence where others guilty of crimes of the same or greater magnitude automatically receive credit, would entail an arbitrary discrimination within the power and hence the duty of the court to avoid. 367 F.2d 329.

■ We agree with the reasoning of the District of Columbia Circuit, for to construe the statute otherwise would raise a serious constitutional question under the Fifth Amendment. Such a construction is to be avoided if there is a reasonable alternative. We agree that it would be an arbitrary discrimination to credit a defendant with presentence

2. Section 3568 was amended, effective September 20, 1966, by § 4 of the Bail Reform Act of 1966, 80 Stat. 214 (1966), to require that credit be given for all presentence custody. In this opinion "presentence" and "pretrial" are used interchangeably to denote any "custody in connection with the offense or acts for which sentence was imposed," whether before trial or after trial but before sentence.

3. The Senate Committee on the Judiciary, in recommending the adoption of § 4 of the Bail Reform Act of 1966, 80 Stat. 214 (1966), see note 2 supra, was also at a loss to justify a disparity in treatment favoring defendants convicted of more serious crimes. The Committee report stated that

"Witnesses before both the subcommittees' 1964 and 1965 hearings were

unanimous in finding no justification for [restricting § 3568 to minimum term offenses]. * * * It was observed that the crimes for which Congress has set minimum mandatory sentences are those which are considered so serious that judicial discretion in sentencing should be limited. It is ironic that persons accused of such serious crimes should be assured of receiving credit for pretrial custody, while those convicted of less serious crimes for which no minimum mandatory sentence is required have the benefit of no such assurance. [S.Rep. No. 750, 89th Cong., 1st Sess. 21 (1965).]" (Footnote omitted.) Quoted in Stapf v. United States, supra at 329.

custody upon conviction of an offense of a magnitude requiring the imposition of a minimum mandatory sentence, but to withhold such credit when the offense is not so grave as to require a minimum term of imprisonment.[4]

■■ Under our holding a defendant must be credited for presentence custody no matter what the range of the penalty ultimately imposed, and regardless of whether a mandatory minimum attaches to the offense of which he stands convicted. Any denial of credit to a defendant because the statute does not impose a mandatory minimum works an unconstitutional discrimination against him. As heretofore observed, see fn. 2 supra, since this case was tried in the District Court Congress has declared its policy in no uncertain terms, that "[t]he Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed." It is plainly declaratory of the original congressional aim in the enactment of section 3568—to eliminate an existing disparity by extending to all offenders a benefit theretofore enjoyed by some; the aim was never to create a new disparity by offering the benefit to those previously denied it and denying it to those to whom it had always been available.

■ Since the appellant was sentenced to five years imprisonment, the statutory maximum, it is obvious that he was denied credit for the 56 days he spent in jail awaiting trial.

4. The basis of our decision makes it unnecessary to determine whether Dunn was denied his constitutional right to bail and on that account is entitled to credit for his presentence custody, a subject fully discussed by Judge Bazelon in Short v. United States, 120 U.S.App.D.C. 165, 344 F.2d 550 (D.C.Cir. 1965). See also Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837 (1958).

Even more directly pertinent to the question before us is the view expressed in

The judgment of the District Court is therefore reversed and the case remanded for further proceedings in conformity with this opinion. It is to be noted that prior to this decision Dunn was scheduled for release from prison on April 20, 1967, and on remand the District Court will promptly correct the sentence so that the appellant's release will be expedited by 56 days. The mandate will issue forthwith.

Reversed and remanded with directions.

*Short* by the concurring judges, Fahy and Wright, that the congressional purpose in enacting § 3568 was to make certain that credit would be given to defendants convicted of offenses requiring the imposition of mandatory minimum sentences and that Congress assumed that credit would continue to be given to defendants convicted of offenses not carrying mandatory minima. 344 F.2d at 558.