**Louis JOSEPH**

v.

**UNITED STATES of America.**

**No. 1278–Misc.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 5, 1967.

Louis Joseph, in pro. per.

Louis C. LaCour, U. S. Atty., New Orleans, La., for defendant.

## ORDER

BOYLE, District Judge.

Mover, Louis Joseph, seeks relief under 28 U.S.C. § 2255.

He alleges that he was arrested on or about April 22, 1966. On May 18, 1966, Joseph entered a plea of not guilty on each of the two counts in which he was charged. On May 25, 1966, he withdrew his plea of not guilty to Count Two, which charged him with receiving possession of the contents of stolen mail, and at that time, with his court-appointed counsel present, entered a plea of guilty. On that date, he was sentenced to serve a term of thirty months. Mover alleges that his pre-trial custody extended over a period of thirty-four days. The object of his motion is to obtain a credit for that period against his thirty-month sentence.[1]

We find that an evidentiary hearing herein is unnecessary. The legal question involved is resolved adversely to mover, and the motion is, therefore, denied.

The statute (18 U.S.C. § 1708) under which Joseph was charged and sentenced provided a possible sentence of a $2,000 fine or five years imprisonment, or both. Therefore, the sentence of thirty months imposed was not the maximum term of imprisonment that could have been imposed.

---

1. The record in the criminal prosecution, No. 30407, does not disclose the date of his arrest, although it does disclose that he appeared before the United States Commissioner on April 25, 1966, at which time an appearance bond of $2,000 was fixed and counsel appointed to represent petitioner. The bond was not furnished. In view of the result reached, the time spent in pre-trial custody is unimportant.

Title 18 U.S.C. § 3568, at the time of petitioner's sentencing, required that an administrative credit toward service of a sentence be given for any days spent in custody for want of bail prior to the imposition of sentence but only where the statute under which the sentence was imposed required the imposition of a minimum mandatory sentence.

The Act of Congress, approved June 22, 1966, amended Section 3568 so as to make the pre-sentence custody credit administratively applicable in all cases. However, by its terms, the amendment limits its application to sentences imposed on or after its effective date, September 20, 1966. Joseph, having been sentenced on May 25, 1966, was sentenced some twenty-nine days before the amendment was enacted and nearly four months before the amendment became effective.

It has been held that the administrative credit provisions of Section 3568, as same read prior to the 1966 amendment, applied not only to cases involving minimum mandatory sentence statutes, but as well to those involving statutes providing for no minimum mandatory sentences. Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), followed in Dunn v. United States, 376 F.2d 191 (4th Cir., 1967). Implementing their conclusions, the Courts in *Stapf* and *Dunn* vacated the sentences. But in those cases the original sentences were for the maximum period of imprisonment provided in the statutes, which did not require imposition of minimum mandatory sentences.[2] Under the rule of those cases, when it appeared, as it did appear, from mechanical calculations, and to a mathematical certainty, that the five-year terms to which the accused was sentenced plus the period of pre-trial custody exceeded the maximum possible penalty provided in the statute, vacation of the sentences was inevitable.

Here, the maximum possible sentence was not imposed, nor did the statute require imposition of a minimum mandatory sentence. In this situation, *Stapf* recognizes that even under its rule, which, in effect, applied the 1966 amendment to Section 3568 retroactively, vacation of the sentence is not required "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given," and in such case the Court "* * * will conclusively presume it was given." See 367 F.2d, page 330.

*Stapf* has been followed,[3] *rejected*[4] and criticized.[5] Even if we accept *Stapf's* judicial broadening of the 1960 amendment to Section 3568, under the facts in the instant case, *Stapf* does not support granting of the motion. If we reject *Stapf*, the 1960 amendment requires denial of the motion.

The motion is denied.

2. The statute involved in both *Stapf* and *Dunn* was 18 U.S.C. § 2312, which provides for a fine of not more than $5,000 or imprisonment of not more than five years, or both.

3. Dunn v. United States, supra; United States v. Smith, 379 F.2d 628 (7th Cir., 1967).

4. Sawyer v. United States, 376 F.2d 615 (8th Cir., 1967); Allen v. United States, 264 F.Supp. 420 (D.C.M.D.Pa., 1966); Schreter v. United States, 265 F.Supp. 369 (D.C.N.J., 1967). See also Amato v. United States, 374 F.2d 37 (3rd Cir., 1967); Scott v. United States, 326 F.2d 343 (8th Cir., 1964); Byers v. United States, 175 F.2d 654 (10th Cir., 1949); Powers v. Taylor, 327 F.2d 498 (10th Cir., 1964); United States v. Abele, 269 F.Supp. 29 (E.D.La., 1967).

5. See Impact of Recent Legislation and Rule Changes Upon Sentencing—a paper delivered by Eugene A. Barkin, Legal Counsel, Bureau of Prisons, at the Second Circuit Sentencing Institute, November 11, 1966, 41 F.R.D. 494, 499–500.