**UNITED STATES of America**

v.

**George W. PRATT, Charles T. Wallace, Arthur J. Zickl, Raymond C. Freda, and Austin Castiglione.**

**Arthur J. ZICKL**

v.

**UNITED STATES of America.**

**Cr. No. 340–64, Civ. No. 852–67.**

United States District Court
D. New Jersey.

Nov. 28, 1967.

David M. Satz, Jr., U. S. Atty., Newark, N. J., by Don Allen Resnikoff, for the United States.

Charles T. Wallace and Arthur J. Zickl, pro se.

## OPINION

SHAW, District Judge.

Charles T. Wallace and Arthur J. Zickl, charged by indictment in Criminal No. 340–64 with violation of 18 U.S.C. § 371, were convicted on respective pleas of guilty and each was sentenced to serve a term of imprisonment of five years, the maximum provided by statute. Arthur J. Zickl moved pursuant to 28 U.S.C. § 2255 to vacate sentence alleging in substance that he had a constitutional right to receive credit for 246 days spent in custody prior to the imposition of the five year sentence. His application is filed in Civil No. 852–67. A letter application of the defendant Charles T. Wallace seeking credit for 246 days spent in custody prior to sentence is filed in Criminal No. 340–64. His application will be treated as one made pursuant to 28 U.S.C. § 2255. Each application, arising out of the same indictment and sentence, involves a common question of law, to wit: Where the maximum term of imprisonment prescribed for an offense is imposed by the Court, is a defendant entitled in the absence of any statutory authority to receive credit against such sentence for time spent in confinement prior to imposition of sentence?

The leading reported cases on this subject are Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966); Dunn v. United States, 376 F.2d 191 (4th Cir. 1967); Amato v. United States, 374 F.2d 36 (3rd Cir. 1967); Schreter v. United States, 265 F.Supp. 369 (D.N.J. 1967); Allen v. United States, 264 F. Supp. 420 (M.D.Pa.1966). *Stapf*, *Dunn* and *Allen* are squarely in point. Each involved the imposition of the maximum sentence provided by law without credit for presentence custody. *Schreter* and *Amato* are not in point because neither involved the imposition of a maximum sentence. It was stated in *Amato*, "The sentence in question was substantially less than the maximum provided by Congress." But in *Allen* the Court imposed a maximum sentence but refused to give credit for time spent in custody prior to imposition of sentence. *Stapf* and *Dunn* hold otherwise and this Court finds the rationale of those cases persuasive as applied to the instant factual situations.

All of the cases above mentioned dealt with sentences imposed prior to the effective date of the Bail Reform Act of 1966 which provides credit for presentence incarceration. 18 U.S.C. § 3568. Prior to that enactment mandatory credit was available only in cases where a minimum mandatory sentence was fixed by statute. Congress quickly recognized the inequity of this situation with respect to which a Court, upon literal application of the statutory provision, could arguably refuse credit for presentence confinement in cases other than those for which there was a fixed mandatory minimum penalty and provided under the Bail Reform Act of 1966 that credit for presentence incarceration must be given by the Attorney General in all cases. The sentences imposed in each of the cases now under consideration became effective on February 26, 1965, prior to the adoption of the Bail Reform Act of 1966.

While it is clear that until the effective date of the Bail Reform Act there was no *express* statutory authority requiring credit to be given for time spent in confinement prior to sentencing except in cases of a minimum mandatory sentence, it is equally clear that avoidance of disparity of treatment between the two classes of offenders was vested in the discretion of the Court. Instances where the disparity was not avoided provoked

judicial inquiry as to the *obligation* of a sentencing judge in the exercise of his discretion to allow credit where he imposed the *maximum* penalty prescribed by law for the particular offense. It was stated in *Stapf,* supra:

> The Supreme Court has held that it is a denial of equal protection for a court to perpetuate by its affirmative action a privately created irrational discrimination. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R. 2d 441 (1948). *A fortiori,* it is unconstitutional for a court to effectuate an arbitrary classification by its affirmative action—action withholding from one class a right accorded to another as an element of the system of justice —when the court has the power to prevent that discrimination. E. g., Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956); Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). Denial of credit in the context of a jurisprudence where others guilty of crimes of the same or greater magnitude automatically receive credit, would entail an arbitrary discrimination within the power and hence the duty of the court to avoid.

As was further noted with respect to the argument of the movants in *Stapf*:

> [T]he District Court's refusal to give them credit, in effect, creates two sets of maximum sentences, one for the poor (those who are unable to make bail), and one for the rich (those who are able to procure a bail bond), a distinction which denies the former equal protection of the law.

It is not necessary for this Court to pass upon the constitutionality of the 1964 Act which allowed credit for time spent in confinement *only* to those where the offense required imposition of a minimum mandatory penalty. It is felt in the cases now before the Court that it was the duty of this Court, in the exercise of a sound judicial discretion, to allow credit. The Court did not do so. The substantial effect of a denial of such credit increased the maximum statutory penalty of five years to a penalty of 5 years plus 246 days. To permit such penalty to stand would, in the opinion of this Court, violate basic constitutional principles of fundamental fairness by way of denial of equal protection of the law and authority of the Court to correct a situation of this kind exists by virtue of the provisions of 28 U.S.C. § 2255. The Court regards the imposition of the maximum sentence prescribed by law pyramided upon 246 days of presentence confinement as a judgment of conviction whereby there has been such a denial or infringement of constitutional rights "as to render the judgment vulnerable to collateral attack" and subject to correction "as may appear appropriate." 28 U.S.C. § 2255.

An appropriate correction in each of these cases would be accomplished by an order supplementing and made part of the judgment of conviction directing that credit be given against the sentence imposed for presentence confinement. The error in the judgment of conviction is in the omission of such credit. Hence, it is not necessary to vacate sentence and resentence for the purpose of supplying the omission.

Nothing herein shall be construed as having any application to a sentence in which the sum total of the term of imprisonment plus time spent in confinement prior to sentence does not exceed the maximum penalty that the Court might impose for the particular offense.

In accordance herewith it will be ordered that Charles T. Wallace and Arthur J. Zickl shall each receive credit for 246 days spent in confinement prior to the imposition of the statutory maximum sentence imposed upon each on February 26, 1965. A copy of this Opinion will be filed in Criminal No. 340–64 and Civil No. 852–67 and appropriate orders supplementing judgments of conviction will be filed in Criminal No. 340–64.