**UNITED STATES of America,
Plaintiff,**

v.

**Robert James PINE, Defendant.**

**Crim. No. 65–144.**

United States District Court
W. D. Oklahoma.

Dec. 18, 1967.

Robert James Pine, in pro. per.

ORDER

DAUGHERTY, District Judge.

The Defendant herein, Robert James Pine, has moved for reduction of his sentence by the amount of presentence confinement. This Motion is pursuant to Rule 35 of the Federal Rules of Criminal Procedure, on the basis that the sentence awarded was illegal in that it did not give credit for jail time from June 23, 1965, to the date of sentencing on July 30, 1965.

Credit for jail time is prescribed in the 1964 version of 18 U.S.C. § 3568 for those cases in which a mandatory sentence is imposed. There is no provision with respect to crimes which do not prescribe a mandatory sentence. Three recent cases cited by the Defendant have held that credit for jail time must be allowed in cases involving non-mandatory sentences, where the maximum sentence was imposed.[1] Defendant was sentenced for a Dyer Act violation (18 U.S.C. § 2312) to imprisonment for four years. The maximum sentence for a Dyer Act violation is five years. The cases cited by Defendant are therefore not in point, although the United States v. Smith decision casts doubt on whether the Seventh Circuit would restrict giving credit to maximum sentence cases.[2] It has been held that the 1966 amendment of 18 U.S.C. § 3568 providing for credit on all sentences for presentence custody

---

1. Stapf v. United States, 367 F.2d 326 (D.C.Cir. 1966), Dunn v. United States, 376 F.2d 191 (Fourth Cir. 1967), and United States v. Smith, 379 F.2d 628 (Seventh Cir. 1967).

2. United States v. Smith, 379 F.2d 628, at page 634 (Seventh Cir. 1967). However, this case also involved a Dyer Act violation and the maximum sentence of five years had been imposed.

is not retroactive. Schreter v. United States, 265 F.Supp. 369 (N.J.1967). It is so provided by the enactment. Public Law 89–465 § 6, 80 Stat. 214.

This Court originally sentenced the Defendant and at the time of sentencing, took into account the time spent in jail prior to sentence. The sentence is less than the statutory maximum. It does not come within the 1966 amendment to 18 U.S.C. § 3568. Therefore, there is no basis for reducing the sentence. Amato v. United States, 374 F.2d 36 (Third Cir. 1967).

Defendant's Motion is therefore overruled.