Samuel **BROWN**

v.

**UNITED STATES of America.**

Crim. No. 21649.

United States District Court
E. D. Pennsylvania.

April 3, 1968.

Samuel Brown, in pro. per.
No appearance for defendant.

## MEMORANDUM ORDER

HIGGINBOTHAM, District Judge.

The petitioner, presently incarcerated at the Federal Penitentiary, Lewisburg, Pennsylvania, has filed a motion pursuant to Rule 35, Federal Rules of Criminal Procedure, Title 18, U.S.C.[1], seeking to correct an allegedly illegally imposed sentence.

The petitioner was arrested by agents of the Federal Bureau of Investigation on December 7, 1963, and charged with conspiracy and theft from interstate commerce.[2] Because of his inability to post the required bond of $2500.00, the petitioner was remanded to the Philadelphia Detention Center and there confined until June 17, 1964, on which date, after a plea of guilty to the charge of theft from interstate shipment, he was given the five year sentence which he is presently serving at Lewisburg Penitentiary.

It is the petitioner's contention that the sentence imposed by the court on June 17, 1964, was illegal by reason of the court's failure to credit against the sentence the time the petitioner spent in custody prior to sentencing for want of funds to furnish bail. The petitioner argues that failure to accord such credit is a violation of his right to "equal justice" and due process of law under the Fifth Amendment, because it results in his sentence being in excess of the maximum term authorized by the statute under which he was sentenced; and that it works a discrimination between him and other defendants likewise sentenced to maximum prison terms, but otherwise able to make bond pending trial. He concludes that Due Process requires that he be credited with the time served on this "poverty sentence."

■ With the passage of the Bail Reform Act of 1966[3], the issue is now moot, with respect to defendants sentenced after its effective date. Section 4 of that Act amends 18 U.S.C. § 3568[4],

1. **Rule 35.** *Correction or Reduction of Sentence.*
  "The Court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The Court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of or having the effect of upholding a judgment of conviction. \* \* \*" As amended Feb. 28, 1966, eff. July 1, 1966.

2. 18 U.S.C. §§ 371, 659, respectively.

3. Pub.L. No. 89–465, 89th Cong., 2d Sess. (June 22, 1966) 80 Stat. 218.

4. At the time of the petitioner's sentencing, § 3568 provided: *Effective Date of Sentence; Credit for time in custody prior to the imposition of sentence.*
  "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which

to make mandatory the crediting of sentences of defendants in *all* cases with any time spent in custody prior to sentencing due to inability to post bond. But the effective date of that section of the Act was September 20, 1966, and is not retroactive; thus that Act is of no aid to the petitioner. But, in support of his petition, the petitioner relies on several recent opinions in other Circuits which have held that the sentences of defendants sentenced to the maximum terms authorized by the various penal statutes, prior to the effective date of § 4 of the Bail Reform Act of 1966, must, consistent with the Congressional intent implicit in the enactment of the 1960 amendment to 18 U.S.C. § 3568, and with the Due Process clause of the Fifth Amendment, be credited with any time spent in custody prior to sentencing, for want of funds to furnish bail. Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966); Dunn v. United States, 376 F.2d 191 (4th Cir. 1967). The rationale of these cases is that, in enacting the 1960 amendment to § 3568, it was the intent of Congress to thereby place persons sentenced under statutes requiring the imposition of a minimum mandatory sentence on a parity with defendants sentenced under other penal statutes who had, as a matter of course, been credited with any time spent in pretrial incarceration. According to *Stapf*, the amendment was deemed nec-

essary by Congress because trial courts were divided in opinion as to whether they could give credit against a sentence for pretrial incarceration when they were required to impose a minimum mandatory sentence, and was not intended to work a change in the existing practice of crediting on sentencing, except for this *addition*. Both *Stapf* and *Dunn* concluded that, to interpret the 1960 amendment to § 3568 as limiting credit for presentence custody to persons sentenced to minimum mandatory sentences would work an arbitrary discrimination between those prisoners and prisoners sentenced to maximum terms, and would raise serious Due Process questions.[5] The courts concluded that trial courts must exercise their sentencing authority to give the latter category of defendants credit also, and found motions pursuant to Rule 35, F.R.Crim. Proc. an appropriate means of invoking this authority for prisoners sentenced prior to the effective date of the amended § 3568.

The conclusions reached by the courts in Stapf v. United States and Dunn v. United States, supra, is not one which finds universal acceptance. The dominant majority of courts which have considered the issue have tended to construe the statute literally, and have limited crediting to persons sentenced to minimum mandatory sentences.[6]

such person is received at the penitentiary, reformatory or jail for service of such sentence: *Provided*, that the Attorney General shall give any such person credit toward service of his sentence by the sentencing court for want of bail set for the offense under which sentence is imposed where the statute requires the imposition of a minimum mandatory sentence." As amended Sept. 2, 1960, Pub.L. 86–691, § 1(a), 74 Stat. 738.

Section 4 of the Bail Reform Act of 1966, Pub.L. 89–465, § 4, 80 Stat. 217 (June 22, 1966) amended § 3568 by striking the 1960 proviso and adding:

"The Attorney General shall give any such person credit toward service of his sentence for any days spent in cus-

tody in connection wtih the offense or acts for which sentence was imposed."

5. Judge Soboloff in *Dunn* quoted with approval the language in *Stapf* that:
"Denial of credit in the context of a jurisprudence where others guilty of crimes of the same or greater magnitude automatically receive credit would entail an arbitrary discrimination within the power and hence the duty of the court to avoid. 367 F.2d 329."
and concurred:
"We agree with the reasoning of the District of Columbia Circuit, for to construe the statute otherwise would raise a serious constitutional question under the Fifth Amendment." 376 F.2d at 193.

6. Williams v. United States, 118 U.S.App. D.C. 255, 335 F.2d 290 (1964); Scott

There have been no decisions by the Third Circuit or the United States Supreme Court on this issue, so an independent determination of the questions raised would not be foreclosed to me. But I find it unnecessary to reach the issue. The petitioner's argument rests upon a faulty premise—to wit, that he was sentenced to the maximum term authorized by statute. If that were the case I could consider the serious constitutional issues he raises, and which the above-cited cases have discussed. The fact is, however, that the statute under which he was sentenced—18 U.S.C.A. § 659—authorizes a maximum term of imprisonment of ten years, and a fine of $5,000. The petitioner was sentenced to a term of five (5) years, substantially less than the maximum. Given their most liberal interpretation, the cases the petitioner relies on—concerned as they were with the problem of prisoners serving terms longer than the maximum authorized by statute, through failure to obtain credit for presentence incarceration—would not apply to his case. For even as it articulated the rule, the court in *Stapf*, supra, cautioned that, "[w]henever it is possible as a matter of mechanical calculation, that credit could have been given, we will conclusively presume that it was given." 367 F.2d at p. 330.

There being no valid question of illegality of sentence raised, there is no appropriate basis upon which I can now reconsider the appropriateness of the petitioner's sentence. Under Rule 35, though an illegal sentence may be corrected at any time, the sentencing court has no authority to consider a motion to reduce sentence subsequent to the period of 120 days [7] following pronouncement of sentence or final affirmance of the judgment, if it is appealed.[8] Here, over three years elapsed before the motion was filed.

A review of the transcript of the hearing on sentencing, June 17, 1964, indicates that the question of the petitioner's presentence incarceration was raised by petitioner's counsel when he commented:

"The conviction was on a plea of guilty on the second count of the indictment, which is the hijacking of the truck. The defendant has been in custody eight months at this time. He could not make bail." (T., p. 7.)

Thus I was aware of the fact of the petitioner's incarceration prior to sentencing; but at the time of the sentencing I fully intended to give him a sentence of a full five years without any credit for the time he had spent in prison awaiting sentencing. For, in addition to the indictment and conviction of theft from interstate shipment, there was evidence at the sentencing that Brown had also threatened to kill both the driver of the truck which was "hijacked", and one of his codefendants. He also had a prior federal conviction of interstate transportation of a stolen motor vehicle. I felt that the sentence the petitioner received was consistent with the gravity of the offenses perpetrated.

Accordingly, the Rule 35 motion for correction of sentence is denied.

v. United States, 326 F.2d 343 (8th Cir. 1964); United States v. Deaton, 364 F. 2d 820 (6th Cir. 1966); Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964); Allen v. United States, 264 F.Supp. 420 (M.D.Pa.1966); Joseph v. United States, 272 F.Supp. 687 (E.D.La., 1967) (semble).

7. At the time of the petitioner's sentencing the period was sixty days.

8. United States v. Robinson, 361 U.S. 220, 226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259 (1960); Urry v. United States, 316 F.2d 185 (10th Cir. 1963).