**Morton SOBELL, Plaintiff,**

v.

**ATTORNEY GENERAL OF the UNITED STATES and Director, United States Bureau of Prisons, Defendants.**

**No. CIV–68–144.**

United States District Court
M. D. Pennsylvania.

July 1, 1968.

David Rein, Thomas I. Emerson, New Haven, Conn., William M. Kunstler, Arthur Kinoy, New York City, Malcolm Sharp, Albuquerque, N. M., Vern Countryman, Cambridge, Mass., Benjamin Dreyfus, San Francisco, Cal., Marshall Perlin, New York City, Morey M. Myers, Scranton, Pa., for plaintiff.

Paul Vincent, Department of Justice, Washington, D. C., Bernard J. Brown, U. S. Atty., Scranton, Pa., for defendants.

## OPINION

FOLLMER, District Judge.

This matter is before the court on plaintiff's motion for summary judgment, and defendants' motion to dismiss or in the alternative for summary judgment.

Plaintiff originally filed a complaint in the United States District Court for the District of Columbia seeking a declaratory judgment and injunctive relief. The defendants filed a motion to change venue, requesting that the court transfer the case to the United States District Court for the Southern District of New York. Plaintiff then filed a motion for summary judgment, and by Order dated February 27, 1968, the defendants were permitted to postpone answering that motion until the motion for a change of venue was decided.

Defendants' motion for a change of venue was denied on March 6, 1968, and the government immediately filed a motion for reconsideration. Oral argument was heard on the motion and on March 28, 1968, the case was ordered transferred to this district. On March 26, 1968, the government moved to have the action dismissed, or in the alternative for summary judgment.

A hearing was held before this court on April 28, 1968, and extensive oral argument heard. In addition, both sides have filed supplemental briefs.

Plaintiff is presently incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania, serving a sentence of thirty years, the maximum penalty for the offense of which he was convicted. He was arrested on August 18, 1950, and remained in custody from that date because of his inability to meet his bond, which was set at $100,000.00. He was sentenced on April 5, 1951, at which time he was transferred to the Federal Penitentiary at Atlanta, Georgia. On July 20, 1951, he was transferred back to New York City to enable him to consult with his attorney concerning his pending appeal. He remained there until November 19, 1952, two days after the Supreme Court denied a petition for rehearing in his case.

The issues in this case are whether the plaintiff is entitled to credit for (1) the period from August 18, 1950, the date of his arrest, to April 5, 1951, the date of his sentencing, and for (2) the period from July 20, 1951 to February 25, 1952, during which time his appeal was pending before the Court of Appeals. (After plaintiff instituted this action, the Bureau of Prisons, in accordance with its pre-existing policy, corrected plaintiff's sentence so as to give him credit for the time served between the affirmance by the Court of Appeals and the mandate of the Supreme Court.)

If plaintiff is given credit for these two periods his mandatory release date will occur on or about July 28, 1968, if not, the date will occur on or about

April 3, 1970. Accordingly, plaintiff's counsel requested from the defendant Attorney General a formal ruling that credit for these disputed periods be accorded to plaintiff. After full consideration, the Attorney General issued a ruling that the plaintiff would not be granted the requested credit. This suit was then instituted.

## I

## TIME SPENT IN CUSTODY BETWEEN ARREST AND SENTENCE

Plaintiff contends that he is entitled to credit for the time he spent in custody between his arrest and the date of imposition of sentence for several reasons. He argues that since he was given the maximum sentence allowable for his offense, failure to give him credit for the time spent in presentence custody would result in his serving more than the maximum sentence imposed, in violation of 18 U.S.C. § 3568. He also asserts that the sentencing judge intended that such credit be given. Finally, plaintiff contends that this additional penalty has been imposed upon him solely because of his financial inability to meet the bond set for his release, in contravention of the constitutional principles of equal protection.

The first question that must be answered is whether this is the proper court to decide the issue. The defendants have from the very outset of this case taken the position that the question of presentence credit properly should have been presented to the sentencing court of the Southern District of New York, since it is, in essence, an attack on the legality of plaintiff's sentence. Plaintiff, however, contends that he is not seeking to correct the sentence, but to obtain judicial review of an administrative decision of the Attorney General as to how the sentence should be calculated.

Plaintiff asserts that the District Court for the District of Columbia has ruled that this proceeding is rightly brought under the Administrative Procedure Act and the declaratory judgment provision, and that it is not a proceeding which could only be brought under 28 U.S.C. § 2255. To support this contention plaintiff points out that by transferring the case to this district, the judge necessarily ruled that it was not a § 2255 proceeding, since this court would not have jurisdiction over such an action. Also, plaintiff states that if the District of Columbia Court had conceived that plaintiff's only remedy was under § 2255, so that it therefore did not have jurisdiction, it could not have transferred the case under 28 U.S.C. § 1404(a) at all; it would have been compelled to dismiss it.

Plaintiff's argument is not convincing. The record of this case clearly reveals that the court in the District of Columbia did not at any time consider the merits of this action, but merely ruled on the government's motion for change of venue. Further, the transcript of the argument on the government's motion for reconsideration clearly shows that the judge thought that the Southern District of New York was the proper forum (T. p. 8, 14), and only transferred the case to this district because plaintiff preferred this district to the Southern District of New York. (T. p. 16).

Plaintiff also argues that the Attorney General has acquiesced in the transfer of the case to this district. Plaintiff points out that, in his reply to plaintiff's memorandum in opposition to a change in venue, the Attorney General stated that, while he adhered to his position that the case should be transferred to New York, "[W]e have no objection to the transfer of this case to Lewisburg, if the plaintiff prefers Lewisburg." However, plaintiff neglects to mention that the Attorney General footnoted that particular sentence with the following statement:

Since Stapf held that the sentencing court is the appropriate body to grant credit for pre-sentence custody, if any is available, we do caution that the United States District Court at Lewisburg may not believe itself appropri-

ate for disposition of the issue of pre-sentence custody. P. 1, n. 1.

Plaintiff complains that in the defendants' motion to dismiss the Attorney General rested only "on the ground that the complaint fails to state a claim upon which relief can be granted," and that nowhere in his memorandum in support of this motion did he suggest that this court does not have jurisdiction or that the case should be transferred a second time. Plaintiff feels that under these circumstances the Attorney General is precluded from urging this court to retransfer the case to New York.

This argument is easily answered. Rule 12(h) (3) of the Federal Rules of Civil Procedure states:

Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

It has been held that the question of jurisdiction over the subject matter is not waived if not raised in the defendants' answer and may be raised at any time. Xaphes v. Mossey, 224 F.Supp. 578 (D. C.Vt.1963). The court in Mertens v. Flying Tiger Line, Inc., 341 F.2d 851, 856 (2d Cir. 1965), states that any party at any stage of the proceedings would be entitled to a dismissal for lack of subject matter jurisdiction under Rule 12(h), F.R.C.P.

Plaintiff further asserts that even if this question could be brought under Section 2255, he is nevertheless entitled to bring this proceeding under the Administrative Procedure Act and the Declaratory Judgment Act. In his memorandum on jurisdiction he states that both this circuit and the District of Columbia circuit have held that this procedure is available to test the question whether a federal prisoner has been denied the right of counsel at a parole board revocation hearing, even though he might also have proceeded by habeas corpus in the district of his confinement. (p. 4). While the cases cited by plaintiff for this proposition do so hold,

this court is of the opinion that those cases do not support the plaintiff's position in this case because the subject matter involved is substantially different.

Plaintiff contends that the sentencing judge intended that he be given credit for the time spent in presentence custody, and so stated when pronouncing sentence. Both 28 U.S.C. § 2255 and Rule 35 of the Federal Rules of Criminal Procedure state that the sentencing court is the proper forum to decide issues of this type. It is difficult to understand how this issue can be considered as anything but a proceeding under one of these provisions, and plaintiff cannot change the nature of his action merely by placing an improper label on it.

Plaintiff states that it is the duty of the Attorney General to make the corrections he seeks. However, in Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326, 330 (1966), the court stated:

The foregoing statutory and constitutional considerations compel us to hold that it was and *is the duty of the sentencing court* to provide credit for presentence custody for want of bail to all defendants not granted credit administratively by virtue of the provisions of § 3568. (Emphasis supplied.)

In United States v. Pratt, 276 F.Supp. 80 (D.C.N.J.1967), petitioner sought credit for the time spent in custody prior to the imposition of the maximum sentence. The court treated the application as one made pursuant to Section 2255, and stated that the facts rendered the judgment vulnerable to collateral attack and subject to correction under that section. Since both Stapf and Pratt are relied on by plaintiff, it is difficult to see how he arrives at the conclusion that the Attorney General is the proper party from whom to seek relief. It is possible that the fact that plaintiff has previously brought seven unsuccessful § 2255 actions on different issues in the Southern District of New York has made him re-

luctant to return there again, but this does not alter the fact that New York is the proper forum to resolve this issue.

Finally, plaintiff argues that it would be unfair to transfer this case a second time because unless this litigation is resolved in the near future he will suffer merely by reason of the delay in the courts. While this court is sensitive to plaintiff's problem, and is reluctant to do anything to delay a prompt adjudication of the matter, it simply does not have jurisdiction over this issue. However, any delay is due to the fact that plaintiff has ignored the proper forum. It should also be noted that the plaintiff was sentenced in April, 1951, and his conviction was affirmed in February, 1952. He has had ample opportunity to make proper application for relief.

■ Because this court is without jurisdiction plaintiff's claim for credit for the time spent in presentence custody must be dismissed.

## II

### TIME SPENT IN CUSTODY AFTER SENTENCING AND PENDING APPEAL

Plaintiff contends that the denial of credit for the time he spent in custody after sentence and pending appeal is unlawful and unconstitutional in that it is not justified by Rule 38(a) (2) of the Federal Rules of Criminal Procedure, and it violates his right to counsel under the Sixth Amendment and his right to equal protection of the laws under the Fifth Amendment. Plaintiff's contentions will be considered seriatim.

### A. IS THE DENIAL OF CREDIT FOR THIS PERIOD JUSTIFIED UNDER RULE 38(a) (2) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE?

After plaintiff's conviction he was transferred from the Tombs, where he had remained during trial, to the federal penitentiary in Atlanta, Georgia. In order to return to New York to consult with his counsel concerning his pending appeal, plaintiff signed the following form:

### ELECTION NOT TO BEGIN SERVICE OF SENTENCE

Having heretofore taken an appeal from my sentence imposed on April 5, 1951, in the United States District Court for the Southern District of New York, I now elect not to commence service of the sentence.

Signed this 20 day of July, 1951

(Exhibit A of plaintiff's complaint).

The signing of this form was a prerequisite to plaintiff's return to New York because in July, 1951, Rule 38(a) (2) of the Federal Rules of Criminal Procedure read as follows:

A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail.

Thus, in order for plaintiff to be returned to New York and consult with his counsel, he had to agree to delay beginning service of his sentence. Plaintiff contends that this waiver was not made with knowledge of its consequences and is therefore ineffective.

Plaintiff states that at the time of signing the form he was not notified by any prison official or anyone else that the consequence of signing this form would be a denial of credit for the time spent in custody while in New York. He claims that he wrote to his trial attorney asking him to take steps to have him transferred back to New York, but that he did not receive a direct reply from his counsel. However, prison officials informed him of the requisite procedure and supplied him with the form. (Affidavit of Morton Sobell in support of motion for summary judgment, paragraph 11).

The government, however, contends that plaintiff had ample opportunity to have the advice of his counsel before he signed his "Election." Exhibit B of the government (Attached to the government's brief in support of its motion) is

a telegram dated July 2, 1951, from Sobell to his attorney, which read as follows: "Start election proceedings immediately. Letter follows." This message implies that plaintiff and his attorney had discussed this matter at some prior time. On July 5, 1951, plaintiff's attorney sent telegrams to both plaintiff and the warden of the Atlanta penitentiary. (Government Exhibits A and C).

The telegram to Sobell read as follows:

RECEIVED YOUR LETTER OF JUNE 29 THE WARDEN HAS NECESSARY BLANKS TO BE EXECUTED BY YOU FOR ELECTION I HAVE TELEGRAPHED THE WARDEN ASKING HIS COOPERATION FOR THAT PURPOSE YOU MIGHT ASK FOR OPPORTUNITY TO EXECUTE THE BLANKS DO NOT WORRY ABOUT TIME LIMIT ON APPEAL=EDWARD KUNTZ=.

This message refutes plaintiff's contention that he never heard from his attorney directly.

The telegram from plaintiff's attorney to the warden stated:

MY CLIENT MORTON SOBELL 71342–A WISHES TO ELECT NOT TO SERVE PENDING HIS APPEAL AND DESIRES TO BE RETURNED SOUTHERN DISTRICT NEW YORK FOR PURPOSE OF CONSULTATIONS ON APPEAL WOULD YOU KINDLY HAVE HIM EXECUTE THE NECESSARY FORMS FOR THAT PURPOSE VERY GRATEFUL FOR YOUR COOPERATION=

This message could reasonably lead the warden to believe that Sobell had consulted with his attorney concerning this matter, and was fully aware of the consequences.

In support of his contention that his election not to serve was not made intelligently, plaintiff cites the case of Bolden v. Clemmer, 235 F.Supp. 832 (E.D. Va.1964), where it was held that an in-

digent inmate who had, without advice of counsel, signed a form similar to the one signed by plaintiff had not made a voluntary election. However, in the instant case plaintiff was given ample opportunity to consult with his counsel, as the telegrams mentioned previously show.[1]

■ It is the opinion of this court that plaintiff's election was intelligently made with a full knowledge of the consequences and with advice of counsel.

B. DOES THE DENIAL OF CREDIT FOR THIS PERIOD CONSTITUTE A VIOLATION OF PLAINTIFF'S RIGHT TO COUNSEL GUARANTEED BY THE SIXTH AMENDMENT?

Plaintiff's transfer from Atlanta to New York was for the purpose of consulting with counsel in connection with his appeal. There is no contention that after his arrival in New York his access to his counsel was in any way hampered. However, plaintiff contends that in order for him to return to New York to exercise his constitutional right, the government exacted an unconstitutional price, namely, that he had to serve an additional time in prison.

In support of this contention plaintiff relies primarily on Sherbert v. Verner, 374 U.S. 398, 83 S.Ct. 1790, 10 L.Ed.2d 965 (1963). In that case a person who celebrated the Sabbath on Saturday was denied unemployment compensation because she would not take a job which required that she work on the day of her Sabbath. The Supreme Court stated:

* * * The ruling forces her to choose between following the precepts of her religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of her religion in order to accept work, on the other hand. Governmental imposition of such a choice puts the same kind of burden upon the free exercise of religion as would a fine imposed against appel-

---

1. It should also be noted that Sobell holds a master's degree in electrical engineer-

ing and possesses an extremely high I. Q.

lant for her Saturday worship. Id. at p. 404, 83 S.Ct. at p. 1794.

Similarly, plaintiff contends that he is being imprisoned for additional months because he exercised his constitutional right to counsel.

Prior to its recent amendment, Rule 38(a) (2) of the Federal Rules of Criminal Procedure provided that if a defendant elected not to commence service of his sentence the sentence was stayed. Under this rule, it was uniformly held that a prisoner was not entitled to credit for the time he served under his "election." Comulada v. Willingham, 351 F. 2d 936 (10th Cir.1965), cert. denied, 384 U.S. 973, 86 S.Ct. 1865, 16 L.Ed.2d 684 (1966); Allocco v. Heritage, 310 F.2d 719 (5th Cir.1962); Shelton v. United States, 234 F.2d 132 (5th Cir.1956).

Rule 38 was promulgated by the Supreme Court and the constitutionality of this rule was upheld in Baker v. United States, 139 F.2d 721 (8th Cir.1944), rehearing denied, 325 U.S. 894, 65 S.Ct. 1399, 89 L.Ed. 2005 (1945). Plaintiff requests this court to hold that this rule was unconstitutional as applied to him because his choice was not a completely free one.

■ It is obvious that in order to consult with his counsel, plaintiff was required to give something up. It is also obvious that the same is true of all choices, and that in electing to pursue one course of action, another must be surrendered. This court is unwilling to hold that the choice required of plaintiff placed an unconstitutional burden on him.

C. WOULD A REFUSAL TO GIVE CREDIT FOR THIS PERIOD BE A DENIAL OF DUE PROCESS OF LAW AND A VIOLATION OF THE CONSTITUTION'S SEPARATION OF POWERS?

Plaintiff states that had he been free on bail pending appeal he could have engaged and consulted counsel free of hindrance by the government, but that this was not possible because he was financially unable to post bond. He argues that to hold that he is not entitled to credit for time spent in custody pending appeal, whereas a defendant financially able to post bond would have been able to consult counsel without incurring any penalty, denies plaintiff equal protection of the laws.[2]

Plaintiff states that a classification which establishes a differentiation between persons, in order to be valid, must bear a reasonable relationship to a legitimate government purpose, and that differentiation becomes an invidious discrimination under equal protection unless it bears a reasonable relationship to a legitimate government purpose. He argues that here the purpose was not to make certain that he would be available for trial, because he was given the opportunity to have bail but could not afford it. Therefore, the only purpose it served was to give him a longer sentence.

■ Plaintiff concedes that the equal protection clause cannot be pushed to the point where every inequality in the administration of criminal justice attributable to wealth (or the lack of it) must be equalized by the government. This court agrees and declines to hold that plaintiff has suffered a deprivation of a constitutional right because of his inability to afford bail.

At plaintiff's trial the government produced evidence tending to show that plaintiff had fled to Mexico to escape prosecution, and that he had been deported from that country. United States v. Rosenberg, 195 F.2d 583, 602 (2 Cir., 1952). Under these circumstances plaintiff's inability to obtain bail could have been caused by consider-

---

2. Plaintiff admits that the Fifth Amendment does not contain any equal protection clause, but argues that the due process of law guaranteed in the Fifth Amendment embodies the same concept of equal protection as is explicitly set forth in the Fourteenth Amendment. Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

ations other than financial. It should also be noted that plaintiff apparently never appealed from the amount set for bail. It therefore cannot be said that the fact that plaintiff is serving a longer sentence than he would have if he had obtained bail is the result of arbitrary or capricious action on the part of the government, which bore no relation to a legitimate government interest.

Finally, it should be noted that in computing plaintiff's sentence, the Bureau of Prisons was merely following the law as prescribed in 18 U.S.C. § 3568 and Rule 38(a) (2) of the Federal Rules of Criminal Procedure. No other choice was open to the Bureau, and therefore there was no substitution of an administrative decision for the legislative determination of the maximum penalty.

Accordingly, the motion of plaintiff for summary judgment will be denied; the motion of the defendants to dismiss will be granted as to the issue of presentence custody, and denied as to the issue of custody pending appeal; and the motion of the defendants for summary judgment as to the issue of custody pending appeal will be granted.