Maitland E. BROWN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20193.

United States Court of Appeals Fifth Circuit.

June 7, 1963.

Maitland E. Brown, pro. per.

T. Gary Cole, Jr., Asst. U. S. Atty., Barefoot Sanders, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM.

The appellant was convicted and sentenced in the following three separate cases: (a) a one count indictment charging bail jumping in violation of 18 U.S. C.A. 3146; (b) an information charging the interstate transportation of an altered American Express money order in violation of 18 U.S.C.A. 2314; and (c) a two count indictment charging forgery of signature on postal money orders in violation of 18 U.S.C.A. 500. The three cases were heard at the same time with appellant's understanding and consent. After a detailed, full and complete explanation by the court of the appellant's rights, including the right to counsel and the punishment authorized, the appellant voluntarily waived counsel and entered guilty pleas in each case. The appellant thereafter filed three different motions to vacate sentence, and a motion for a show cause order, and finally the motion now under consideration captioned "Motion to Vacate Judgment and Sentence".

The appellant makes no complaint as to the sufficiency of the one count indictment charging bail jumping or the two count indictment charging forgery of signature of U. S. Postal Money Orders. He does attack the sufficiency of the information on the apparent theory that an information or indictment must set out the forged document verbatim. Such is not the rule. Conklin v. Cozart, 5 Cir., 1946, 158 F.2d 676; United States v. Starks (DC NY 1946) 6 F.R.D. 43. Further, it is well settled that a sentence is not subject to collateral attack simply on the ground that there is a defect in the information or indictment unless it can be said as a matter of law that the information or indictment, under any reasonable construction, does not charge an offense. Gregori v. United States, 5 Cir., 1957, 243 F.2d 47; Alm v. U. S., 8 Cir., 1956, 238 F.2d 604. As heretofore stated, the information in this case is not defective as a matter of law. The appellant makes a further assertion that the forgery of a U. S. Postal Money Order is not a federal offense for which he could be tried in the United States District Court. Obviously, such a contention is without merit. 18 U.S.C.A. § 500.

We find no basis for any of the appellant's contentions. The judgment of the lower court is

Affirmed.