Thomas **WILLIAMS**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18461.

United States Court of Appeals District of Columbia Circuit.

Argued June 9, 1964.

Decided June 25, 1964.

Mr. Andrew P. Zimmer (appointed by this court) for appellant. Mr. Robert H. Reiter, Washington, D. C. (appointed by this court) was on the brief for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

FAHY, Circuit Judge:

Upon conviction of robbery, the punishment for which is prescribed by 22 D.C.Code, § 2901, appellant was given the maximum sentence there authorized, 5 to 15 years. His present appeal [1] is from denial by the District Court of his motion to require the court to credit upon his sentence the time he spent in the District of Columbia jail prior to his trial and sentence.

Congress has required the Attorney General to give an accused person credit for days spent in custody prior to being sentenced "for want of bail set for the offense under which sentence was imposed," where the statute requires a minimum mandatory sentence. Title 18, § 3568, U.S.C. Assuming arguendo that appellant was confined to the jail "for want of bail set for the offense under which sentence was imposed," the credit authorized by section 3568 does not apply to appellant's case. His sentence was imposed in 1957, and Congress specifically provided that the credit provision of Section 3568, which became effective October 2, 1960, was not to apply to a sentence imposed prior to that date. 74 Stat. 738 (1960).

Coming to appellant's reliance upon Rule 35, Fed. R. Crim. P., the only provision of the Rule under which his motion was timely reads: "The court may correct an illegal sentence at any time." But the sentence is not illegal. Section 3568, above referred to, reads that the sentence shall commence to run from the date the person is received at the penal institution "for service of said sentence." The period of appellant's confinement at the jail for which he seeks credit was not "for service of said sentence"; for his sentence had not then been imposed. The statute clearly distinguishes between a sentence and confinement in custody otherwise than under a sentence. It follows that the sentence here imposed is not illegal by reason of such earlier confinement. See H.R.Rep. 2058, 86th Cong.2d Sess. (1960); U.S.Code Cong. and Admin. News 1960, p. 3288.

Since appellant's sentence, though the maximum, was within that allowed by the statute for robbery, it is not illegal.[2] See Epperson v. Anderson, 117 U.S.App.D.C. 122, 326 F.2d 665 (1963). In the absence of relief at the hands of the District Court relief is available only in the Executive Branch of the government.

Affirmed.

---

1. For prior history of the case see Williams v. United States, 103 U.S.App.D.C. 144, 255 F.2d 896, cert. denied, 358 U.S. 853, 79 S.Ct. 82, 3 L.Ed.2d 87 (1958).

2. The events of which the robbery was a part resulted in the killing, by another participant, of the victim of the robbery. At an earlier stage of the proceedings the District Judge placed on record his reasons for giving appellant the maximum sentence.