**James C. HENLEY, Appellant,**

v.

**D. M. HERITAGE, Warden, U. S. Penitentiary, Atlanta, Georgia, Appellee.**

**No. 21331.**

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1964.

Chester E. Wallace, Atlanta, Ga., for appellant.

Julius M. Hulsey, Asst. U. S. Atty., Gus L. Wood, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and WHITEHURST, District Judge.

BELL, Circuit Judge:

■ This is an appeal from the denial of a writ of habeas corpus. Henley was convicted in 1960 in the United States District Court, Middle District of Ten-

nessee, on three separate indictments of burglarizing United States Post Offices. The court orally pronounced sentence as follows:

"In the case of James Carson Henley, in Case No. 12,860, it is the judgment of the Court that he be committed to the custody of the Attorney General for confinement for a period of five years; that he be committed to the custody of the Attorney General for confinement for a period of five years in Case No. 12,861; and that he be committed to the custody of the Attorney General for confinement for a period of five years in Case No. 2021; these sentences to run consecutively."

The sole question presented is whether this pronouncement of sentence failed adequately to specify the sequence in which the three sentences were to be served. If the sequence is not adequately specified, the sentences must be deemed to run concurrently. Cf. United States v. Daugherty, 1926, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, where the test was stated as follows:

"Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded. Tested by this standard, the judgment here questioned was sufficient to impose total imprisonment for 15 years made up of three 5-year terms, one under the first count, one under the second, and one under the third, to be served consecutively, and to follow each other in the same sequence as the counts appeared in the indictment. This is the reasonable and natural implication from the whole entry. The words, 'said terms of imprisonment to run consecutively and not concurrently,' are not consistent with a 5-year sentence."

We hold that the clear meaning of the above quoted language is that the sequence of sentences is to follow the order in which the sentences were announced, and that consequently, the prisoner is entitled to no relief. The facts together with the reasoning of the court in Young v. United States, 8 Cir., 1960, 274 F.2d 698, aff'd by an equally divided Court, 1961, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853, support our conclusion. Like the present case, Young involved sentences imposed on three separate indictments. The court held that the sequence should follow the order in which the sentences were announced. The only differences betwen Young and the present case are, first, that in Young the sentencing court pronounced sentence in the numerical order of the indictments, and second, the written commitment order made it clear that the order in which the sentences were announced was the sequence intended. We do not deem either of these differences significant. See also Fleish v. Swope, 9 Cir., 1955, 226 F.2d 310, where the court imposed sentences on separate counts of the same indictment in the numerical order of the counts, and Valdez v. United States, 5 Cir., 1957, 249 F.2d 539, where sentences were imposed in reverse numerical order of the counts. Both cases held that the sequence followed the order in which the sentences were imposed.

■ Since we hold that the orally pronounced sentence adequately indicated the sentence sequence, it is of no consequence that the judgment and commitments were ambiguous in this regard. Rule 43, F.R.Crim.P., requires that the defendant be present when sentence is announced by the court, and Rule 32(b) requires that the judgment of conviction shall set forth the sentence. It follows that where there is a discrepancy between the oral pronouncement and the written judgment and commitment, the former must control. See Kennedy v. Reid, 1957, 101 U.S.App.D.C. 400, 249 F.2d 492; Payne v. Madigan, 9 Cir., 1960, 274 F.2d 702, aff'd by an equally divided Court, 1961, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853. See also our recent case of Paccione v. Heritage, 5 Cir., 1963, 323 F.2d 378, cert. denied

377 U.S. 955, 84 S.Ct. 1632, 12 L.Ed.2d 498, for language of a judgment somewhat similar to that of the oral sentence here. The language of the judgment in that case cleared up an ambiguity in the oral sentence, and it was held that the judgment and sentence together adequately specified the sentence sequence.

Affirmed.