**James ALLEN, a/k/a Frank N. Hoffman, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 9686.

United States District Court
M. D. Pennsylvania.

Nov. 4, 1966.

James Allen, pro se.
No appearance for defendant.

### MEMORANDUM

NEALON, District Judge.

Petitioner, James Allen, also known as Frank N. Hoffman, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, has filed a letter with this Court requesting a correction or modification of his sentence so as to gain credit for the time which he spent in custody for want of bail prior to the date of sentencing. He alleges that the total time so spent in custody was 128 days, from February 11, 1965, to June 17, 1965, the date on which he was sentenced. Petitioner's letter will be treated as a motion pursuant to 28 U.S.C. § 2255 to correct the sentence imposed upon him.

On March 19, 1965, the petitioner pleaded not guilty to a one-count indictment charging him with transporting a stolen motor vehicle in interstate commerce knowing the same to have been stolen in violation of Title 18 U.S.C. § 2312, the popular name of this Act being the "Dyer Act." He went to trial and was found guilty by a jury on June 9, 1965. On June 17, 1965, he was sentenced to five years' imprisonment, which was the maximum term of imprisonment allowable under 18 U.S.C. § 2312.[1] Petitioner relates that the reason he was held in custody for 128 days following his arrest, preceding the day of his sentence, was because of the fact that he was unable to post the required $5,000.00 bail.[2]

At the time petitioner was sentenced, Title 18 U.S.C. § 3568 provided that the sentence of imprisonment of a convicted defendant in federal criminal cases commenced to run from the date on which he was received at the peniten-

---

1. Petitioner has a long record of criminal involvement and prison sentences, including his proud claim to the probation officer that he escaped from three prisons in Stroudsburg, Allentown and Bethlehem, Pennsylvania. Moreover, at the time petitioner was apprehended, he was pursued for six miles at a speed in excess of one hundred miles per hour and was overtaken only after his vehicle struck a light standard and rolled over an embankment.

2. A warrant was issued by the United States Commissioner for petitioner's arrest on February 10, 1965, and Allen was taken into federal custody on February 11, 1965. He was given a preliminary hearing before the Commissioner on February 11, 1965, and bail was set at $5,000.00. On March 19, 1965, petitioner was arraigned and pleaded not guilty. A jury trial was held on June 9, 1965, and defendant was found guilty of the offense. A presentence investigation was ordered and after that investigation was completed, petitioner was sentenced on June 17, 1965. During this period of time our records disclose that petitioner was in custody in the Luzerne County Jail from February 11, 1965, until February 12, 1965. He was transferred to the Lackawanna County Jail on February 12, 1965, and remained there until June 17, 1965, except for four days which he spent in the Scranton State General Hospital.

tiary.[3] That section clearly stated that the Attorney General shall give credit toward service of sentence for any days spent in custody prior to the imposition of sentence for want of bail where the Statute requires the imposition of a minimum mandatory sentence. Title 18 U.S.C. § 2312 does not provide for a minimum mandatory sentence, but states as follows:

> "Whoever transports in interstate * * * commerce a motor vehicle * * * knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Therefore, under the law as it then stood, no credit could be given for time spent in custody prior to the date of sentence, as Congress made no provision for defendants who were sentenced under statutes which did not provide for a minimum mandatory term of imprisonment. However, § 3568 has been amended by Section 4 of the "Bail Reform Act of 1966," which was enacted into law on June 22, 1966. This Amendment provides:

> "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress."

■ Section 6 of that Amendment provides that the Act shall take effect ninety days after the date on which it is enacted and that the provision of Section 4 shall be applicable only to sentences imposed on or after the effective date. Therefore, it is clear that the Amendment is inapplicable to the case at bar.

In Stapf v. United States, 367 F.2d 326 (D.C.Cir. 1966), a recent case decided on August 4, 1966, it was held that, once the basic sentence was determined, the Court had the duty to credit the defendant's sentence with any presentence custody incurred for lack of bail. The opinion noted that the provision for automatic credit where a mandatory minimum term of imprisonment was prescribed was added to § 3568 by Congress in 1960. According to the Court, "Congress made no provision in this amendment for defendants sentenced for offenses not carrying minimum terms of imprisonment * * * because it assumed that a credit for presentence custody for want of bail would continue to be provided by sentencing courts as a matter of course." The crux of its decision was that the defendants in that case were sentenced to the maximum allowable term of imprisonment under the statute, and therefore the length of sentence itself conclusively showed that no credit was given for presentence custody. In essence, that Court found that since it was manifest that no credit had been given for presentence custody, such action on the part of the trial court constituted an irrational and arbitrary classification. Specifically, the Court concluded that " * * * statutory and constitutional considerations compel us [4] to

---

3. "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That the Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence."
> * * * * *

4. The decision to reverse the district court was by a 2-to-1 vote. Judges Leventhal and Wright were for reversal, while Judge Bastian dissented.

hold that it was and is the duty of the sentencing court to provide credit for presentence custody for want of bail to all defendants not granted credit administratively by virtue of the provisions of § 3568." In this regard, the legislative history of the 1960 Amendment as revealed in H.R.Rep. No. 2058, 86th Cong. 2d Sess. (1960), U.S.Code Cong. & Adm. News, p. 3289, states:

"The primary purpose of the bill is to eliminate the disparity in sentences under certain statutes requiring mandatory terms of imprisonment. Under existing law a person charged with violating a statute requiring the imposition of a minimum mandatory sentence may not be credited with the time spent in custody for want of bail while awaiting trial. The result is that a sentencing court lacks authority to differentiate between the offender who has been free on bail before trial and one who has been in custody, because it was required to impose the same minimum mandatory sentence as to each.

"Application of the proviso contained in the bill, where such credit is due, would preserve the existing statutory provision that service of sentence shall commence after sentence is imposed and commitment occurs thereunder."

In enacting the proviso to § 3568, Congress had seen fit to grant presentence credit to those in custody for want of bail where the offense involved required the imposition of a minimum mandatory sentence. In such cases the defendant was definitely slated for a prison term, notwithstanding the presence or absence of a prior criminal record or an evaluation of his character and rehabilitative potential. Apparently, Congress recognized this and provided accordingly that the minimum term commenced to run immediately upon detention where bail was not posted. There is nothing in the statute to indicate that Congress assumed that in all other instances the Court would reduce the sentence by the amount of time spent in presentence custody, and such a construction should not be lightly inferred. Indeed, the legislative history of the 1960 Amendment, hereinabove referred to, explicitly notes that application of the Amendment would preserve the existing statutory provision that service of sentence shall commence after sentence is imposed and commitment occurs thereunder.

Moreover, the 1960 Amendment should not be construed to compel the conclusion that the over-all rule concerning the effective date of sentence is arbitrary, irrational and illegal. It may be that there is some question concerning the rationality of the Amendment, but this does not negate the clear language of § 3568 relative to the effective date of sentence in all other cases. In this regard, a pertinent comment is contained in the September, 1966, issue of Federal Probation, in an article authored by Eugene N. Barkin, Legal Counsel to the Director, Federal Bureau of Prisons, wherein he analyzes the holding of *Stapf* and observes:

"If an arbitrary distinction and classification between the minor offender and the major offender, contrary to the Fifth Amendment, resulted from the 1960 amendment to Section 3568, the judicial remedy would seem to be restricted to striking down the legislative act which caused the disparity, not blanketing in other situations."

With due deference to the holding of Stapf v. United States (supra), I prefer to follow the holdings of Byers v. United States, 175 F.2d 654 (10th Cir. 1949); Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964), and Scott v. United States, 326 F.2d 343 (8th Cir. 1964), that a prisoner's sentence did not commence to run until he was received at the place designated for service thereof, and he was not entitled, as a matter of right, to credit for the time he was in custody prior to sentencing.

Therefore, the petitioner's motion to correct the sentence imposed upon him will be denied.