**Maitland E. BROWN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23858.**

United States Court of Appeals
Fifth Circuit.

Feb. 21, 1967.

---

**512**

Jack Bryant, Abilene, Tex., for appellant.

William O. Callaway, Jr., Asst. U. S. Atty., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

## PER CURIAM.

This is an appeal from an order of the district court denying petitioner relief on his § 2255 motion [1] seeking to vacate and correct sentences imposed upon him in the United States District Court on June 12, 1959. This is the seventh post-conviction motion filed by petitioner. All previous motions were unsuccessful, the fourth being ruled upon by this Court. Brown v. United States, 5th Cir. 1963, 318 F.2d 404.

The only issue presented by this appeal is whether the district court erred in holding that the pronouncement of sentence in open court by the original trial court was sufficient to effectuate the court's intent to make the sentences run consecutively rather than concurrently. At the original trial, petitioner pled guilty to three separate charges: (1) A two-count indictment charging forgery of postal money orders in violation of 18 U.S.C. § 500; (b) a one-count indictment charging bail jumping in violation of 18 U.S.C. § 3146; and (c) an information charging the interstate transportation of an altered American Express money order in violation of 18 U.S.C. § 2314. At the time of sentencing, the following colloquy took place:

> THE COURT: Well, I am going to have to impose a sentence here to prevent you from forging, altering checks; so in Cause No. 2012, which is the case for two counts of falsely and fraudulently counterfeiting postal money orders, I sentence you to the custody of the Attorney General for five years, on both counts generally. In Cause No. 2009, bail jumping, I sentence you to the custody of the Attorney General for one year, and in Cause No. 2010, charging the violation of transportation in interstate commerce of an altered American Express Company Money Order, I sentence you to the custody of the Attorney General for six years.
>
> MR. BINION [the prosecuting attorney]: Your Honor, may I inquire about the sentences as to—
>
> THE COURT: He is sentenced independently, separately, and to be served consecutively.

Petitioner has had the benefit of able and experienced court-appointed counsel, and his case has been advanced with unusual diligence and vigor. Despite the commendable efforts of counsel, however, we feel that disposition of the appeal in a manner contrary to petitioner's position is clearly dictated by this Court's opinion in Henley v. Heritage, 5th Cir. 1964, 337 F.2d 847. Dealing there with a factual situation substantially identical to that at bar, this Court concluded:

> * * * that the clear meaning of the [court's oral pronouncement of sentence] * * * is that the sequence of sentences is to follow the order in which the sentences were announced, and that consequently, the prisoner is entitled to no relief.

337 F.2d at 848. Clearly this language, and the entire reasoning of the *Henley* case, applies equally well in the instant controversy. The sentencing pronounce-

1. 28 U.S.C. § 2255.

ment clearly reveals the trial court's intent that the three sentences were to run consecutively in the order announced; and, in light of the holding in *Henley*, it was legally sufficient to implement that intent. The judgment of the district court denying petitioner's motion is therefore affirmed.