**UNITED STATES ex rel. Frank SACCO, Appellant,**

v.

**Frank F. KENTON, Warden, Federal Correctional Institution, Danbury, Connecticut, Appellee.**

No. 191, Docket 31826.

United States Court of Appeals Second Circuit.

Argued Oct. 27, 1967.

Decided Nov. 9, 1967.

Leon J. Greenspan, White Plains, N. Y. (Greenspan & Aurnou, White Plains, N. Y., on the brief), for appellant.

John F. Mulcahy, Jr., Asst. U. S. Atty., District of Connecticut (Jon O. Newman, U. S. Atty., Connecticut, on the brief), for appellee.

Before FRIENDLY, KAUFMAN and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge:

On June 18, 1964 the petitioner was sentenced on the first count of a two count indictment to five years imprisonment for an offense, the maximum penalty for which was ten years. At the same time he was sentenced to seven years on the second count for an offense, the maximum penalty for which was five years. The sentences were ordered to be served concurrently. The sentencing judge made clear on the record that his evaluation of the case called for a sentence of seven and one-half years for the longer term of imprisonment but that he would credit the defendant with the six months which he had served prior to sentencing, so that the longer sentence actually imposed was seven years. When it was discovered some eight months later that the sentence imposed on the second count exceeded the statutory maximum, the sentencing judge amended the sentences by ordering the petitioner to serve seven years on the first count and five years on the second—thus continuing to recognize the credit of six months which he had allowed the defendant on the longer sentence. On appeal this court, for reasons stated in the opinion, corrected the sentences by reversing the order which transposed the sentences and directed the District Court to reduce the sentence on the second count from seven to five years. United States v. Sacco, 367 F.2d 368 (2 Cir. 1966).

The petitioner, incarcerated in the Federal Correctional Institution at Danbury, Connecticut, brought this petition for habeas corpus to the District Court of Connecticut on the ground that he was never credited with the six months during which he was in jail for want of bail awaiting his trial and that, if credit for those six months were given, he would be entitled to immediate release.[1]

The petitioner relies upon Stapf v. United States, 367 F.2d 326 (D.C. Cir. 1966) which holds that where a court imposes the maximum sentence for an offense it is bound to credit against that maximum any pre-sentence time served by the accused for want of bail. A divided court there took the position that Congress had implied that this duty rested upon the courts when in 1960 it amended Title 18 U.S.C. § 3568 to provide that defendants sentenced for mandatory minimum term offenses should automatically receive credit for pre-sentence custody. This court has never adopted the holding in *Stapf*. It was followed by the Fourth

---

[1]. The petitioner asserts that he is seeking a writ of habeas corpus because he is not attacking the sentence but the Attorney General's refusal to credit him with the six months served before sentence was imposed. We are of the opinion that the petitioner is actually attacking the sentence, and he should have been required to move before the sentencing court for a correction of the sentence under Title 28 U.S.C. § 2255. He has presented nothing to show that such a motion would have been inadequate or ineffective. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Glenn v. Ciccone, Warden, 370 F.2d 361, 362 (8 Cir.1967). However, as this question was not raised, and as both the sentencing court and the trial court hearing this habeas corpus petition are within this Circuit, we have concluded that we should consider and rule upon the appeal as it stands.

Circuit in Dunn v. United States, 376 F.2d 191 (4 Cir. 1967). In Sawyer v. United States, 376 F.2d 615 (8 Cir. 1967) the court considered a petition based upon the *Stapf* holding. It avoided ruling directly on that issue by distinguishing the case before it, but by way of dictum the court indicated disagreement with the *Stapf* decision. See also Allen v. United States, 264 F.Supp. 420 (M.D.Penn.1966).

In the present case the petitioner received the maximum sentence on the second count and, even if he were credited on that count under the ruling in *Stapf*, it would avail him nothing because he would still have to serve the concurrent five year sentence under the first count, which was considerably below the maximum provided for the offense. Amato v. United States, 374 F.2d 36 (3 Cir. 1967). This circumstance makes the petitioner's point on this appeal purely academic and of no real consequence.

The sentence imposed by the District Court on November 17, 1966 to comply with the order of this court was not, as the petitioner argues, a new sentence but was simply a correction of the illegal sentence imposed on June 18, 1964.

As amended in 1966, Title 18 U.S.C. § 3568 provides that all convicted persons under sentence shall be credited with pre-sentence time spent in custody. While this amendment became effective a few weeks prior to the correction by the District Court of petitioner's sentence, it could not apply to the correction unless it were retroactive to June 18, 1964 when sentence was imposed. We hold that the 1966 amendment was not retroactive and in this regard agree with Stapf v. United States, supra, at p. 329 of 367 F.2d. As § 3568 stood in 1964 it was left to the sentencing judge to give credit, as he might see fit, in cases where no mandatory minimum sentence was provided. It is perfectly clear from the record in this case that the sentencing judge gave consideration to the six months already served by the petitioner while awaiting trial. He reviewed the factors which affect the kind of sentence and the length of incarceration to be ordered. His evaluation of the petitioner's case called for an imprisonment of seven years, after allowing for the six months in custody. No doubt has ever been expressed by the trial court or by this court as to the propriety or fairness of the sentence which the trial court intended to require the petitioner to serve under the first count. It was only through a technical judicial error that the petitioner received a windfall in a reduction of his seven year sentence to five years.

The order of the District Court is affirmed and the petition is dismissed.