**Roger S. BANDY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19105.**

United States Court of Appeals
Eighth Circuit.

July 5, 1968.

Rehearing Denied July 17, 1968.

See also D.C., 269 F.Supp. 969.

Roger S. Bandy, pro se.

John O. Garaas, U. S. Atty., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

PER CURIAM.

This is an appeal by Roger S. Bandy, hereinafter referred to as defendant, from final order denying his motion made pursuant to Rule 35, Fed.R.Crim. P., to correct sentence. Defendant was tried to and convicted by a jury on each of six counts of an indictment charging the filing of fraudulent claims for refund of income taxes in violation of 18 U.S.C.A. § 287. He was sentenced on September 17, 1959, to five-years imprisonment on Count I and placed on probation for five years on the remaining counts, the probation to commence at the expiration of the Count I sentence. The facts surrounding such litigation and a detailed account of the prior litigation is set out in our affirming opinion in Bandy v. United States, 8 Cir., 296 F.2d 882, cert. denied, 369 U.S. 831, 82 S.Ct. 849, 7 L.Ed.2d 796.

Defendant in his motion states that he is entitled to credit on his sentence for

the period of time he was held in custody from the time of his arrest on June 2, 1959, to December 19, 1961, the date on which he was released on his own recognizance by order of Supreme Court Justice Douglas.

The time for which defendant seeks credit by his motion includes the period prior to his sentence when he was held in jail by reason of his failure to provide the bail fixed and the period that he was held in jail subsequent to the imposition of sentence. Chief Judge Register, in a well-reasoned opinion (not reported) convincingly supports his determination that defendant's motion to correct sentence should be denied. The denial of the motion is entitled to be affirmed on the basis of Judge Register's opinion.

■ Defendant's claim for presentence credit for the period from June 2, 1959, to September 17, 1959, is based upon the 1960 amendment to 18 U.S.C.A. § 3568. See 74 Stat. 738. Such amendment by its terms applies only to sentences imposed on or after October 2, 1960. See Williams v. United States, 118 U.S.App.D.C. 255, 335 F.2d 290, 291.

Credit for the period of incarceration subsequent to the sentence is claimed under the 1966 amendment to 18 U.S.C. A. § 3568, 80 Stat. 217. The 1966 amendment by its express terms became effective ninety days after the date of its enactment (June 22, 1966) and is applicable only to sentences imposed on and after such effective date. Sawyer v. United States, 8 Cir., 376 F.2d 615, 618.

The governing statute, 18 U.S.C.A. § 3568, as of the date of defendant's sentence on September 17, 1959, provided:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.

＊　　＊　　＊　　＊　　＊　　＊

"No sentence shall prescribe any other method of computing the term."

Rule 38(a) (2), Fed.R.Crim.P., as in effect on the date of the sentence, read:

"A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

The record in our case clearly shows that the defendant knowingly and voluntarily elected not to commence the service of his sentence pending appeal with the full realization that the time he spent in jail pending appeal would not be credited on the sentence imposed, in the event conviction was affirmed.

After defendant's conviction was affirmed and certiorari was denied, defendant was a fugitive from justice. He was not taken into custody until December 9, 1965, and did not commence the service of his sentence prior to such date.

■ Defendant on his appeal for the first time raises the contention that excessive bail was required of him in violation of the 8th Amendment and that he was subjected to involuntary servitude in violation of the 13th Amendment. Such contentions were not raised in the trial court and hence are not entitled to consideration here. In any event, such claim lacks merit. The excessive bail contention has been adversely decided by the rulings on defendant's prior motions for reduction of bail. See Bandy v. United States, 81 S.Ct. 25, 5 L.Ed. 2d 34; 81 S.Ct. 197, 5 L.Ed.2d 218; 82 S.Ct. 11, 7 L.Ed.2d 9. See also Davis v. United States, 8 Cir., 358 F.2d 360, 362.

The trial court committed no error in denying defendant's motion to correct sentence. We affirm the order denying the motion.