Morton SOBELL, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 68 Civ. 4057.

United States District Court
S. D. New York.

Nov. 20, 1968.

Marshall Perlin, New York, Thomas I. Emerson, New Haven, Conn., David Rein, Washington, D. C., for petitioner.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for respondent; Stephen F. Williams, Asst. U. S. Atty., of counsel.

MEMORANDUM

BONSAL, District Judge.

Petitioner Morton Sobell was arrested on August 18, 1950, charged with delivering defense information to aid a foreign government in violation of 50 U.S.C. §§ 32(a), 34 (1940 ed.) (now codified as 18 U.S.C. § 794). His bail was fixed at $100,000. Petitioner did not post bail and remained in custody from the day of his arrest until, following conviction, he was sentenced in this Court by Honorable Irving R. Kaufman, on April 5, 1951, to a maximum prison term of 30 years. He continued in custody following sentence, and in July 1951 elected not to begin service of his sentence until his appeal was acted upon. His conviction was affirmed in February 1952, when he commenced service of his sentence.

In January 1968, petitioner commenced a proceeding in the U. S. Dis-

trict Court for the District of Columbia for a declaratory judgment and injunctive relief to correct the sentence imposed upon him so as to give him credit for the time spent in custody before he was sentenced (pre-sentence custody) and for time spent in custody following sentence until his conviction was affirmed (post-sentence custody). The Government moved to transfer the case to this Court on the ground that the sentencing court had jurisdiction. However, at petitioner's request, the proceeding was transferred to the U. S. District Court for the Middle District of Pennsylvania, in which district the petitioner was confined.

In July 1968, an order was entered in the U. S. District Court for the Middle District of Pennsylvania (1) denying petitioner's motion for summary judgment; (2) granting the Government's motion to dismiss that part of petitioner's application dealing with pre-sentence custody for lack of jurisdiction, the Court noting that the proper forum for hearing such an application was in the sentencing court; and (3) granting the Government's motion for summary judgment dismissing on the merits that part of petitioner's application dealing with post-sentence custody. Sobell v. Attorney General, 285 F.Supp. 958 (M.D. Penn. 1968).

On August 16, 1968, the Court of Appeals for the Third Circuit affirmed the District Court's judgment dismissing the petitioner's application. 400 F.2d 986 (1968). On November 12, 1968, the Supreme Court denied a petition for a writ of certiorari to review the Court of Appeals decision, 393 U.S. 940, 89 S.Ct. 302, 21 L.Ed.2d 277.

Petitioner now moves, pursuant to 28 U.S.C. § 2255, to correct his sentence on the same grounds raised in the prior proceeding in the Middle District of Pennsylvania.

■ In view of the dismissal on the merits of the petitioner's application with respect to post-sentence custody, see Sobell v. Attorney General, supra, this Court will not "entertain a second * * motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255. Therefore, petitioner's motion under 28 U.S.C. § 2255 with respect to post-sentence custody is denied.

As to the pre-sentence custody, petitioner contends that he is entitled to credit for several reasons. First, he contends that, under Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966), and cases following it, including Dunn v. United States, 376 F.2d 191 (3d Cir. 1967), prisoners sentenced to maximum terms of imprisonment must be given credit for time served in pre-sentence custody because of an inability to post bail. The Courts in Stapf and Dunn found that the 1960 amendment to 18 U.S.C. § 3568,[1] by giving credit for pre-sentence custody to persons given minimum mandatory sentences who had been unable to post bail, arbitrarily discriminated against persons sentenced to maximum prison terms who also had been unable to post bail, by denying the latter credit for pre-sentence custody. Therefore, Stapf and Dunn extended credit for time served in pre-sentence custody to persons sentenced after the 1960 amendment to maximum prison terms, who had not made bail.

Petitioner argues that, under Stapf and Dunn, there is no reason to distin-

[1]. 18 U.S.C. § 3568, in effect at the time petitioner was sentenced, provided:
"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary * * * for service of said sentence. * * *"
The 1960 amendment added the following sentence:

"The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody prior to the imposition of sentence * * * for want of bail set for the offense * * * where the statute requires the imposition of a minimum mandatory sentence."

**126**

guish between persons sentenced before or after the 1960 amendment, and that Congress intended no such distinction.

However, in *Stapf*, the D.C. Court of Appeals distinguished its prior decision in Williams v. United States, 118 U.S. App.D.C. 255, 335 F.2d 290 (1964), which held that a prisoner sentenced in 1957 to a maximum term of imprisonment and who was denied credit for time served in pre-sentence custody was not entitled under § 3568 to receive such credit because "the defendant was sentenced * * * prior to the amendment of § 3568 * * * [and] the amendatory act did not apply retrospectively." See Stapf v. United States, supra at 330.

*Stapf* and the line of cases following it have not been adopted in this Circuit, see United States ex rel. Sacco v. Kenton, 386 F.2d 143 (2d Cir. 1967), although our Court of Appeals has not passed on the precise issues presented in *Stapf*.

■■ Second, petitioner contends that it would be a violation of due process under the Fifth Amendment for him to be denied credit for time served in pre-sentence custody because of his inability to post $100,000 bail, and in effect be required to serve more than the maximum sentence, while a person who was able to post $100,000 bail would serve only the maximum sentence. Petitioner argues that he is being discriminated against by having time added to his sentence on the basis of the amount of money he has.

However, the petitioner's sentence did not commence until after he was sentenced by the court and entered the penitentiary. Until he was sentenced, the petitioner faced not just a thirty-year prison sentence, but capital punishment, then authorized by 50 U.S.C. §§ 32(a), 34.[2]

Furthermore, there has been no showing that petitioner was financially unable to make the bail of $100,000. In fact, as has been pointed out, petitioner's "inability to obtain bail could have been caused by considerations other than financial. It should also be noted that [petitioner] apparently never appealed from the amount set for bail." Sobell v. Attorney General, 285 F.Supp. at 964–965.

Petitioner urged at argument that under Rule 35 the Court may correct an illegal sentence at any time. For the reasons stated in Williams v. United States, supra 335 F.2d at 291, the sentence imposed by Judge Kaufman was not illegal by reason of the pre-sentence custody since under § 3568 the sentence commenced to run from the date petitioner was received at the penitentiary "for service of said sentence."

■■ Finally, petitioner argues that the sentencing judge, Judge Kaufman, intended to give him credit for the time served in pre-sentence custody. Petitioner cites the following colloquy at the time of sentencing:

"THE COURT: 'I, therefore, sentence you to the maximum prison term provided by statute, to wit, thirty years * * *

"MR. PHILLIPS [petitioner's counsel]: 'Before the Court adjourns, are the months already served taken into consideration?

"THE COURT: 'No, they are not, but I will have to so sign the judgment. They have to be so considered.' "

The judgment sentenced petitioner to imprisonment for thirty years and did not credit him with time served in pre-sentence custody. Judge Kaufman, at the time of sentencing, stated merely that he would take pre-sentence time into consideration, not that he would credit it on the sentence. Moreover, even if his remarks were thought ambiguous, the judgment which he signed is controlling. Payne v. Madigan, 274 F.2d 702 (9th

2. Two of petitioner's co-defendants were convicted at the same trial and were executed on June 18, 1953.

Cir. 1960), aff'd by an equally divided court, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853, rehearing denied, 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d 72 (1961).

If petitioner had thought at the time of judgment that he was entitled to pre-sentence time, he could have moved, under Rule 35, F.R.Crim.P., for reduction of sentence. His time for doing so has long since expired.

Since the petitioner's application for credit for post-sentence time has been previously denied on the merits, and since, for the foregoing reasons, there is no basis for allowing petitioner credit for pre-sentence time, petitioner's motion pursuant to 28 U.S.C. § 2255 must be denied.

It is so ordered.