**Morton SOBELL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 314, Docket 33029.**

United States Court of Appeals Second Circuit.

Argued Jan. 6, 1969.

Decided Jan. 14, 1969.

Thomas I. Emerson, New Haven, Conn. (Marshall Perlin, New York City, and David Rein, Washington, D. C.), for appellant.

Stephen F. Williams, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, and Charles P. Sifton, Asst. U. S. Atty., of counsel), for appellee.

Before MOORE, FRIENDLY and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Appellant, Morton Sobell, was arrested on August 18, 1950, and charged with violating the Espionage Act.[1] Bail was set at $100,000. Sobell did not post bail and remained in custody until, following his indictment and subsequent conviction, he was sentenced on April 5, 1951, to imprisonment for 30 years, then the statutory maximum term for the offense of which he was convicted.

This action was brought in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 2255 (1964), to correct the 30-year sentence of imprisonment by crediting Sobell with the time served in custody for failure to post bail between the date of his arrest and the date sentence was imposed—a period of approximately 7½ months. The district court denied the relief sought. We reverse.

Appellant advances three reasons for crediting him with the time spent in presentence custody: he is entitled to credit pursuant to 18 U.S.C. § 3568 (1964); it was the intent of the sentencing court to give him credit; and the denial of credit violates due process and equal protection by imposing on one financially unable to post bail an additional term of imprisonment. We agree that Section 3568 is properly to be construed as requiring that credit be granted; we do not consider appellant's other contentions.

Section 3568 prescribes the method of computing the term of federal sentences of imprisonment. Until 1960 it did not on its face require that any prisoner be given credit for presentence time spent in custody.[2] In 1960 Congress, incorrectly assuming that the courts gave defendants such credit as a matter of right except in cases involving minimum mandatory sentences, in which the courts thought they lacked the authority to give

1. Act of June 15, 1917, ch. 30, title I, § 2, 40 Stat. 217, 218–19, as amended, 18 U.S.C. § 794 (1964).

2. "§ 3568. Effective Date of Sentence
"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence.
"If any such person shall be committed to a jail or other place of detention to await his transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.
"No sentence shall prescribe any other method of computing the term." Act of June 25, 1948, ch. 645, § 3568, 62 Stat. 683, 838.
See also Byers v. United States, 175 F.2d 654 (10th Cir. 1949), cert. denied sub nom. Byers v. Hunter, 340 U.S. 949, 71 S.Ct. 528, 95 L.Ed. 684 (1951).

such credit,[3] sought to eliminate the supposed disparity of treatment by amending Section 3568 to require that federal prisoners be given credit toward service of their sentences for presentence time spent in custody for failure to post bail where the offense for which the sentence was imposed required the imposition of a minimum mandatory sentence.[4]

In 1966 the United States Court of Appeals for the District of Columbia Circuit considered the effect of the 1960 amendment on the sentence of a prisoner who, as is the situation with Sobell, was sentenced to the statutory maximum term for an offense which did not require the imposition of a minimum mandatory sentence and who was not given credit for presentence time spent in custody. Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966). The court believed that the amendment presented an equal protection problem, since it would be irrational to require that credit be afforded in minimum mandatory sentence cases, which generally involve the more serious crimes, while not requiring it in lesser-offense cases.

Stapf has been followed in Dunn v. United States, 376 F.2d 191 (4th Cir. 1967); United States v. Smith, 379 F.2d 628 (7th Cir. 1967); Bryans v. Blackwell, 387 F.2d 764 (5th Cir. 1967); and Lee v. United States, 400 F.2d 185 (9th Cir. 1968). As a result of those cases the Bureau of Prisons promulgated regulations requiring that all prisoners sentenced to maximum terms be given credit for presentence time spent in custody. However, because each of the cases involved prisoners who had been convicted

after the effective date of the 1960 amendment, the Bureau of Prisons' regulations were limited to those prisoners who were sentenced between October 2, 1960 (the effective date of the 1960 amendment) and September 19, 1966 (the effective date of the Bail Reform Act, 18 U.S.C. §§ 3041, 3141–43, 3146–52, 3568 (Supp. III 1965–67)).[5]

Sobell was sentenced before September 19, 1960. The issue before us is whether he must be afforded credit for the presentence time that he spent in custody. We think he must.

The 1960 amendment makes sense only if we assume that the courts *did* grant credit except where a minimum mandatory sentence was required. Thus the rationale of *Stapf*, which upheld the statute against a constitutional challenge by construing it to avoid its seeming irrationality, would require that credit be afforded in pre- as well as post-1960 cases. As the court said in *Stapf*:

"This is not a case * * * where Congress removed part of an evil but disclaimed action on the rest. This is a case, rather, where Congress acted as to the only evil that required legislative action, and assumed that in all other instances equivalent relief would be provided by the courts. In such context the court acts unlawfully when it effectuates rather than avoids an arbitrary classification." 367 F.2d at 329–30 (footnote omitted).

That credit should be afforded for sentences imposed before the effective date of the 1960 amendment is also supported by the policy adopted in the Bail Reform Act of 1966[6] which recognizes that for

---

3. See S.Rep. No. 1696; 86th Cong., 2d Sess. (1960); H.R.Rep. No. 2058, 86th Cong., 2d Sess. (1960), reprinted in 2 [1960] U.S.Code Cong. & Admin.News 3288.

4. *"Provided,* That the Attorney General shall give any [person convicted of an offense in a court of the United States] credit toward service of his sentence for any days spent in custody prior to the imposition of sentence by the sentencing court for want of bail set for the offense

under which sentence was imposed where the statute requires the imposition of a minimum mandatory sentence." Act of September 2, 1960, Pub.L. No. 86–691, 74 Stat. 738.

5. Jail-Time Credit Under Court Decisions, Bureau of Prisons Policy Statement 7600.49A, February 9, 1968.

6. Pub.L. No. 89–465, 80 Stat. 214, codified in 18 U.S.C. §§ 3041, 3141–43, 3146–52, 3568 (Supp. III 1965–67).

purposes of serving a sentence all time spent in jail should be credited.[7]

To the extent that *Stapf* and the cases that followed it limit relief to persons sentenced after the effective date of the 1960 amendment, we disagree.[8]

We are not deterred in our decision to follow *Stapf* by the remark in United States ex rel. Sacco v. Kenton, 386 F.2d 143, 144 (2d Cir. 1967), that this court "has never adopted the holding in *Stapf*." The court in *Sacco* noted that its discussion of *Stapf* was "purely academic and of no real consequence." Id. at 145.

The order of the district court is reversed. Since we are informed by the United States Attorney that crediting appellant with his presentence custody time would entitle him to immediate conditional release, his release from custody is ordered forthwith, subject to the provisions of law governing the conditional release of prisoners.

MOORE, Circuit Judge (concurring):

■ In my opinion, the decision of this court should not rest upon our 1969 assumption of what we think the various members (over 600) of Congress assumed "incorrectly" in 1960 when they amended § 3568 (Act of June 25, 1948, ch. 645, § 3568, 62 Stat. 683, 838). The proper function of the courts is to apply the law as enacted—not rewrite it. The statute could not be worded more clearly: "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence." Nothing is said about any credit for pre-sentence incarceration, although such a qualification could have presented no difficulties in draftsmanship.

Obviously, the key word of the statute is "sentence." At the time of sentencing, the following colloquy took place:

"The Court: I, therefore, sentence you to the maximum prison term provided by statute, to wit, thirty years.

While it may be gratuitous on my part, I at this point note my recommendation against parole. The Court will stand adjourned.

Mr. Phillips: [Appellant's counsel] Before the Court adjourns, are the months already served taken into consideration?

The Court: No, they are not, but I will have to so sign the judgment. They have to be so considered."

The judgment of conviction thereafter signed by the district court contained no reference to the seven months which appellant had served prior to sentencing.

The Government argues, and the Court below so found, that the colloquy indicated Judge Kaufman's intention merely to consider, not necessarily to grant, the inclusion of the pre-sentence custody into the 30-year sentence. The signed judgment, it is suggested, showed that Judge Kaufman, upon such consideration, decided not to grant the seven-month credit.

To reach this conclusion, in my opinion, would be to ignore the rule that the

---

7. We recognize that Section 6 of the Bail Reform Act provides that newly amended Section 3568 is to be applicable only to sentences imposed on or after the effective date, and we are not ruling that the 1966 Act is to be applied retroactively. Rather, we reach the result of giving credit in pre-1960 sentences by considering the policies considered by Congress in enacting the Bail Reform Act.

8. We accept and adopt the rule laid down in *Stapf* that:
   "Wherever it is possible, as a matter of mechanical calculation, that credit could have been given, we will conclusively presume it was given. The problems and expenditure of resources which would be caused by allowing each prisoner to attempt to demonstrate that in his particular case credit was not given, we feel, outweigh any possible unfairness. Since here the defendants were sentenced to the maximum allowable term of imprisonment, the length of sentence itself conclusively shows that credit was not given." 367 F.2d at 330 (footnote omitted).

oral pronouncement of sentence in the presence of the defendant prevails over the written commitment. Henley v. Heritage, 337 F.2d 847, 848 (5th Cir. 1964). The court in *Henley* noted that Rule 43, F.R.Crim.P. required that the defendant be present when sentence was pronounced by the court and that Rule 32(b) F.R.Crim.P. required the judgment of conviction to set forth the sentence and concluded, therefore, "that where there is a discrepancy between the oral pronouncement and the written judgment and commitment, the former must control." 337 F.2d at 848.

It is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment is "mere evidence of such authority." Kennedy v. Reid, 101 U.S. App.D.C. 400, 249 F.2d 492, 495 (1957); see also Pollard v. United States, 352 U.S. 354, 360 n. 4, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). If, as the Government would have it, appellant was sentenced not when he appeared before Judge Kaufman but at some later time when the commitment was signed, the sentence would be invalid since appellant was not present. United States v. Johnson, 315 F.2d 714 (2d Cir. 1963); James v. United States, 348 F.2d 430, 432 (10th Cir. 1965).

It is the duty of this court to "carry out the true intention of the sentencing judge as this may be gathered from what he said at the time of sentencing." United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965). I believe that the most plausible interpretation of Judge Kaufman's remarks is that he demonstrated a present intention, at the time of the oral sentencing, to give appellant credit for his presentence custody. When asked by appellant's counsel whether the presentence months would be "taken into consideration," he answered that they would "have to be *so considered*" (italics mine). In this exchange, I interpret the phrases "taken into consideration" and "so considered" to have meant "included in the sentence."

Certainly, at a minimum, Judge Kaufman's words were ambiguous and this Court has said that such ambiguities are to be resolved in favor of the prisoner. United States v. Chiarella, 214 F.2d 838, 841 (2d Cir.), cert. denied 348 U.S. 902, 75 S.Ct. 226, 99 L.Ed. 708 (1954).

Payne v. Madigan, 274 F.2d 702 (9th Cir. 1960), cited by the Court below as authority for the proposition that the signed judgment is controlling where the oral remarks are ambiguous, does not in fact contradict the rule of *Chiarella*. In *Payne*, the Court looked to the written commitments only to confirm a sufficiently clear conclusion which had been drawn from the oral pronouncement. 274 F.2d at 704. The Court in *Payne* did enter broader dictum by stating that written commitments "may properly serve the function of resolving ambiguities in orally pronounced sentences" but this language was not necessary for the decision since the oral pronouncement of the sentencing court was not viewed as ambiguous. The *Payne* court also recognized that if the sentence as set forth in the written commitment departed in substance from the oral pronouncement, that sentence would be void.

I cannot accept the majority's statement that "Section 3658 is properly to be construed as requiring that credit be granted." This, they say, despite their concession that "Until 1960 it [§ 3658] did not on its face require that any prisoner be given credit for presentence time spent in custody."

Controversy centers around a two-to-one decision in the District of Columbia Circuit. Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966). That case has been followed in the 4th, 5th, 7th and 9th Circuits. But concerning *Stapf*, we said: This [the Second Circuit] court has never adopted the holding in *Stapf*." United States ex rel. Sacco v. Kenton, 386 F.2d 143 (1967).

In Sawyer v. United States, 376 F.2d 615 (8th Cir. 1967), the court neither concurred in nor rejected *Stapf*. Although it said, "we do not reach this issue," it wrote by way of dictum that

"A strong argument could be made that the plain, simple and unambiguous language of the 1960 amendment defies resort to judicial construction" (p. 618). The court in Allen v. United States, 264 F.Supp. 420 (U.S.D.C.M.D.Pa.1966), had no difficulty in reading the law as written, saying: "under the law as it then [1965] stood, no credit could be given for time spent in custody prior to the date of sentence, as Congress made no provision for defendants who were sentenced under statutes which did not provide for a minimum mandatory term of imprisonment" (p. 422). The court there concluded, as do I, that: "There is nothing in the statute to indicate that Congress assumed that in all other instances the Court would reduce the sentence by the amount of time spent in presentence custody, and such a construction should not be lightly inferred" (p. 423).

Furthermore, the court in *Stapf* explicitly pointed out that "the amendatory act did not apply retrospectively." 367 F.2d at 330. The reasoning of *Stapf*, therefore, would apply only to prisoners sentenced after the passage of the amendatory act in 1960, even if that reasoning *had* been adopted in this circuit. In Williams v. United States, 118 U.S. App.D.C. 255, 335 F.2d 290, 291 (1964), the court said, "[the prisoner's] sentence was imposed in 1957, and Congress specifically provided that the credit provision of Section 3568, which became effective October 2, 1960, was not to apply to a sentence imposed prior to that date."

To Sobell it makes no difference which key unlocks the gates of the prison so long as the gates open immediately. But in defense of the decisional process, I cannot subscribe to the statements that "We accept and adopt the rule laid down in *Stapf* * * *" and that "We are not deterred in our decision to follow *Stapf* when we have said within the last fifteen months that we have 'never adopted the holding in *Stapf*.'" The law, ever changing though it be, is at

least entitled to a more respectful period of existence.

I conclude, therefore, that appellant must be given credit for his pre-sentence custody but solely on the ground that Judge Kaufman's oral sentence so intended.

FRIENDLY, Circuit Judge (concurring):

I concur that appellant should be released both on the ground stated in the opinion of Judge Hays and on the ground stated in the opinion of Judge Moore.