John Albert EK, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 69 Civ. 2310.

United States District Court, S. D. New York.

Oct. 6, 1969.

---

---

Robert M. Morgenthau, U. S. Atty., by Maurice M. McDermott, Asst. U. S. Atty., S. D. New York, New York City, for respondent.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioner was sentenced to the custody of the Attorney General for an indefinite term on December 13, 1963, under the Youth Corrections Act. 18 U.S.C. § 5010(b).[1] Section 5017(c) of the Act mandates his conditional release at the end of four years from the date of sentence. Petitioner was so released on April 18, 1966 but returned to the Lewisburg Penitentiary on November 10, 1966 for violation of his parole. Section 5017(c) also mandates his unconditional release at the end of six years from the date of conviction.[2] Petitioner is scheduled to be released on December 12, 1969 and will have been in prison for six years from the date of his conviction on December 13, 1963. In other words, petitioner will have served the maximum term allowed for custodial treatment and rehabilitation under the Youth Corrections Act on December 12, 1969.

Petitioner moves this court for credit for 58 days spent in pre-sentence confinement because of inability to post bail, citing 18 U.S.C. § 3568. Whether or not the 1966 amendment to this section is retroactive, this court holds that petitioner is entitled to the relief requested under the 1960 version of the statute. Sobell v. United States, 407 F. 2d 180 (2d Cir. 1969). The fact that petitioner was sentenced to an indefinite term must be taken to mean that he was sentenced to the "maximum" term permissible, since there would be no other way of assessing in advance the date of petitioner's unconditional release.

The government argues that sentence under the Youth Corrections Act is not a "sentence of imprisonment", and hence, the credit should be denied. While therapeutic and rehabilitative treatment may be the aim of a sentence under the Act, it cannot be denied that a youth committed to the "custody" of the Attorney General and confined to an institution from which he is not free to depart

---

1. § 5010. Sentence.
   (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Division as provided in section 5017(c) of this chapter * * *.

2. § 5017. Release of Youth Offenders.
   (c) A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.

has lost his liberty. It may be true that "stone walls and iron bars do not a prison make," in song; but where, as here, petitioner has been incarcerated at the United States Penitentiary at Lewisburg for the last 5½ years, less the short time on parole, it is disingenuous to contend that he has not been "imprisoned".

Furthermore, if a youthful offender is in fact treated preferentially and accorded benefits other offenders are not, it makes little sense to argue that he thus foregoes the right to a credit for presentence confinement enjoyed by "worse" offenders. If anything, the factors that compel the youth's special consideration also compel his receiving credit for time spent in jail.

It is hereby ordered that the Warden of the United States Penitentiary at Lewisburg, Pennsylvania release the petitioner unconditionally from said Penitentiary on or before October 16, 1969.