**Daniel E. LANGSTON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 70-294.**

United States District Court, W. D. Pennsylvania.

March 17, 1970.

Daniel E Langston, pro se.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for respondent.

## 148

### OPINION AND ORDER

MARSH, Chief Judge.

The petitioner mailed to this court 11 letters, which were received on the following dates: one on February 27, one on March 2, three on March 9, two on March 12, and four on March 16, 1970. On all the letters, except two, he states "Petition: 28 U.S.C. Section 2255". All were filed at the above civil action. Section 2255 provides that the court for certain expressed reasons may vacate, set aside or correct a sentence.[1]

The petitioner was sentenced by this court on August 26, 1959, at No. 15875 and No. 15876 to consecutive sentences of 10 years and 5 years, respectively, on his pleas of guilty to two informations, each charging concealment, sale and disposition of stolen property under Title 18 U.S.C. § 2315. Both sentences specified that defendant may become eligible for parole at such time as the Board of Parole may determine pursuant to Title 18 U.S.C. § 4208.

▆▆▆ Both sentences were within the jurisdictional limits provided by the statute violated by the petitioner. In other respects the sentences conformed with the Constitution and laws of the United States. The court had jurisdiction. Other than the allegation that he has not been given credit for jail time, no other collateral attack is made. No reasons are set forth which would authorize the court to vacate or set aside the sentences.[2] Instead this petitioner asserts in his letters that the Bureau of Prisons has not properly computed his prison time, and since it is impossible for the Bureau to determine which sentence is being served, the sentences must be given concurrent effect. He cites §§ 4161 and 4163, Title 18 U.S.C.

Contrary to the petitioner's contentions the consecutive sentences are certain and unambiguous. They are clear, definite and so complete as to need no construction or supplementary interpretation by a court or ministerial officer. Their sequence is plain as is the beginning and ending of each sentence.

It appears that the petitioner was paroled on April 6, 1966,[3] and from the petitioner's letters it seems evident that he subsequently violated his parole and was returned to the Medical Center at Springfield, Missouri, where he is presently confined. The petitioner overlooks the provision of § 4207, Title 18 U.S.C., providing that a parole violator forfeits his good time earned:

"If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve *all* or any part of the remainder of the term for which he was sentenced." (Emphasis supplied.)

Petitioner also overlooks § 4205, Title 18 U.S.C., providing that the time he enjoyed on parole does not count in reduction of his sentence:

"* * * [T]he time the prisoner was on parole shall not diminish the time he was sentenced to serve."

▆▆ As stated in Smith v. Blackwell, 367 F.2d 539, 541 (5th Cir. 1966):

"* * * [B]y violating parole, a prisoner forfeits all credit for good conduct time accumulated prior to re-

---

1. The reasons for application of the Act are (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; (4) the sentence is otherwise subject to collateral attack.

2. Petitioner heretofore has attacked the illegality of the sentences and his petitions were denied. See: 204 F.Supp. 323 (W.D.Pa.1962); 194 F.Supp. 891 (W.D.

Pa.1961); Civil Action 65–571 (1965); Civil Action 65–365 (1965); Civil Action 65–89 (1965); Civil Action 65–8 (1965); Civil Action 64–556 (1964). The sentencing court is not required to entertain a successive motion for similar relief on behalf of the same prisoner. Section 2255, Title 28 U.S.C.

3. See letter dated January 3, 1966, from Warden O. G. Blackwell of the United States Penitentiary, Atlanta, Georgia (copy appended).

lease and all credit for time on parole, and must serve the full unexpired term of the original sentence. 18 U.S.C. § 4205 * * *."

See also: Clark v. Blackwell, 374 F.2d 952 (5th Cir. 1967); McKinney v. Taylor, 358 F.2d 689 (10th Cir. 1966).

 Moreover, it is generally recognized that a prisoner such as the petitioner must first exhaust his administrative remedies by applying to the Director of the Bureau of Prisons, and thereafter seek relief by way of habeas corpus in the district in which he is incarcerated. Smoake v. Willingham, 359 F.2d 386 (10th Cir. 1966). The petitioner here does not allege nor contend that he has exhausted his administrative procedures or remedies. A petition under § 2255, Title 28 U.S.C., presented to the sentencing court is an inappropriate remedy, and a petition for habeas corpus brought in the district of confinement can offer no relief until his administrative remedies have been exhausted.

Petitioner asserts that he is "entitled to 4 months and 13 days jail time deductions from each of the sentence [sic] but I have not been given credit for the jail time". The credit for time spent in custody prior to sentencing has been made an administrative function delegated to the Attorney General. The pertinent part of § 3568, Title 18 U.S.C., states:

"The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

Before petitioner is entitled to have his sentence corrected pursuant to § 2255, Title 28 U.S.C., it must appear that the Attorney General has refused to give him the credit to which he is legally entitled. Petitioner was sentenced in 1959. At least one court in this Circuit has held that the 1966 amendment to § 3568 is not retroactive. Allen v. United States, 264 F.Supp. 420 (M.D.Pa. 1966). But see, Sobell v. United States, 407 F.2d 180 (2d Cir. 1969). It is our opinion that petitioner must show that an application to the Attorney General for credit for jail time has been refused before this court has jurisdiction under § 2255 to pass upon the problem.

An appropriate order will be entered.